

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Chen v. Rochford

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chen v. Rochford" (2005). *2005 Decisions.* Paper 696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3153
_____

SHIH-LING CHEN,

Appellant

V.

EDWARD V. ROCHFORD, Sheriff of Morris County; *LAWRENCE WASDYKE,
Morris County Sheriff's Deputy Officer, personally and in his capacity as a government
employee; *ROFF, Morris County Sheriff's Deputy Officer, personally and in his
capacity as a government employee; JOHN DOE 1-10; JANE DOE 1-10, Morris County
Sheriff's Officers, in their capacity as government employees and personally; HACK,
PIRO, O'DAY, MERKLINGER, WALLACE & MCKENNA, personally & as partners,
Attorney for Citicorp Mortgage Inc.; ANGELA J. MENDELSOHN, ESQ., personally and
as an employee for Hack, Piro, O'Day, Merklinger, Wallace & McKenna; BAER,
ARBEITER; PLOSHNICK, TANENBAUM & WEISS, personally and as partners,
Attorneys for Alaska Seaboard Partners; JOHN F. KWASNIK, ESQ., personally and as
an employee for Baer, Arbeiter, Ploshnick, Tanenbaum & Weiss; DEUTCH & FLAK,
PC, personally and as partners, Attorney for Alaska Seaboard Partners; KENNETH C.
MACKENZIE, NJ Superior Court, personally and as an employee for New Jersey
Superior Court; WILL COLLIER, Sales Associates/Foreclosure Specialist, personally and
as an employee for American Realty Services Group; SHERYL FEINSTEIN, Third party
sheriff sale purchaser 13 Birch Tree Lane, Livingston, NJ; CITICORP MORTGAGE,
INC.; ALASKA SEABOARD PARTNERS, Limited Partnership; SECURITY
NATIONAL; GIRARD SAVINGS BANK; WILSHIRE CREDIT CORPORATION;
UNKNOWN JOHN DOES, 1-15; UNKNOWN JANE DOES, 1-15

*(Amended in accordance with Clerk's Order dated 8/30/04)
_____

On Appeal From the United States District Court
For the  District of New Jersey
(D. N.J. Civ. No. 03-cv-00417 )
District Judge: Honorable William G. Bassler
_____

Before: ROTH, MCKEE AND AMBRO, <u>Circuit Judges</u>.

(Filed : August 16, 2005)

_____

OPINION

_____

PER CURIAM

Appellant Shih-Ling Chen filed a complaint in the United States District Court for the District of New Jersey against numerous defendants, alleging constitutional violations and violations of federal statutes and state law in connection with the foreclosure sale of his property. The District Court dismissed the complaint, and denied Chen's subsequent motion for reconsideration. For the reasons discussed below, we conclude that we lack appellate jurisdiction to review the District Court's orders because Chen's appeal was untimely filed.

After Chen filed his complaint in January 2003, several defendants moved to dismiss it. In an order entered October 23, 2003, the District Court granted these motions and dismissed the complaint with prejudice as to a defendant it found immune from suit, and without prejudice as to the other defendants. On November 12, 2003, Chen filed a motion for reconsideration of the October 23 order, alleging that the District Court had <u>ex</u>

parte communications with a defendant, challenging its finding of immunity, and arguing the merits of the complaint. The other defendants moved to dismiss the complaint.

Concluding that the claims in Chen's complaint were premised on conduct he unsuccessfully challenged in state court, on November 26, 2003, the District Court dismissed the complaint with prejudice as to all defendants because it lacked subject matter jurisdiction under the Rooker-Feldman doctrine.[1] The District Court also granted the other defendants' motions to dismiss based upon their immunity from suit. On December 11, 2003, the District Court entered an order denying Chen's motion for reconsideration of its October 23 order.

On January 9, 2004, Chen filed a post-judgment motion for reconsideration, again alleging that the District Court had ex parte communications with a defendant, challenging its finding of immunity and arguing the merits of his complaint. In an order entered June 28, 2004, the District Court denied the motion, finding it untimely and stating that it had already addressed Chen's arguments in denying his November 12 motion for reconsideration of its October 23 order. Chen filed a notice of appeal on July 26, 2004.

Although the parties have not challenged the timeliness of Chen's notice of appeal, we have a continuing obligation to examine our jurisdiction. Smith v. Evans, 853 F.2d

_____

[1]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

3

155, 157 (3d Cir. 1988). The District Court entered its final order on December 11, 2003, when it denied Chen's November 12 motion for reconsideration of its October 23 order. At this time, the District Court had disposed of all pending motions and had adjudicated all of Chen's claims against all of the defendants. Chen had thirty days to file an appeal absent the filing of a timely post-judgment motion that tolled the time to file an appeal. See Fed. R. App. P. 4(a)(1)(A), 4(a)(4).

The District Court properly found Chen's January 9 motion for reconsideration untimely under Federal Rule of Civil Procedure 59(e) because it was filed more than ten days after it entered its final order. An untimely motion for reconsideration does not toll the time to file an appeal. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).[2] Because Chen's January 9 motion has no tolling effect, his notice of appeal filed on July 26, 2004 – more than thirty days after the District Court entered its December 11 final order, see Fed. R. App. P. 4(a)(1)(A) – is untimely. Thus, the Court lacks jurisdiction to review this order. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (stating that the time limit for filing a notice of appeal is mandatory and jurisdictional). To the extent Chen seeks to appeal the June 28, 2004 order denying his

_____

[2]As Chen again raised the issue of the District Court Judge's alleged ex parte communications, on which relief was previously denied, and argued that the defendants are not immune, the January 9 motion is properly construed as a motion for reconsideration under Rule 59(e), not a motion for relief under Rule 60(b). See id. (explaining that a Rule 59(e) motion is a device to relitigate the original issue decided by the district court, and used to allege legal error).

4

motion for reconsideration, the Court lacks jurisdiction because any substantive action a court takes on an untimely motion is a nullity. <u>Smith</u>, 853 F.2d at 159. <u>See</u> <u>also</u> <u>Amatangelo v. Borough of Donora</u>, 212 F.3d 776, 780 (3d Cir. 2000) (stating that an untimely motion for reconsideration is "void and of no effect").

Accordingly, we will dismiss this appeal for lack of appellate jurisdiction.