

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# Porro v. NJ Meadowlands Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2507

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Porro v. NJ Meadowlands Comm" (2006). *2006 Decisions.* Paper 1718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2507
_____

ALFRED A. PORRO, JR., individually as a beneficial interest
owner of General and Limited Partner of Riverview Associates,
Ltd., L.P., as a Trustee; as a ward and lien incumbent of the
United States of America and as a steward and "a Prisoner of the Lord",

Appellant

v.

NEW JERSEY MEADOWLANDS COMMISSION (NJMC), formerly Hackensack
Meadowland Development Commission (HMDC); ALAN STEINBERG, former
Executive Director of the HMDC; ROBERT CEBERIO, Executive
Director of NJMC; KEVIN FUNABASHI, individually; MEADOWLANDS
ATHLETIC CLUB AND TOWERS; TOMU DEVELOPMENT CO., INC.;
TOMU DEVELOPMENT GROUP, INC.; JOSEPH T. MURPHY; EDWARD P.
D'ALESSIO

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 03-cv-2395)
District Judge: Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  January 24, 2006 )
_____

OPINION

_____

PER CURIAM

Alfred Porro, Jr. appeals the denial of his motion for reconsideration by the District Court for the District of New Jersey.

## I.

In 2003, Porro filed suit against numerous entities and individuals alleging, <u>inter alia</u>, (1) the inverse condemnation of his interest in Riverview Associates, Ltd., L.P. as a general partner, limited partner and trustee; and (2) violations of the Due Process and Equal Protection Clauses.[1] The District Court dismissed the complaint without prejudice. Porro then filed an amended complaint reasserting his inverse condemnation and civil rights claims. <u>See</u> Informal Brief at 12a-21a. On September 30, 2004, the District Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The opinion was entered on October 18, 2004. <u>See</u> NJMC Appendix at 55-66.

On February 16, 2005, Porro filed a letter in the District Court in which he claimed he had just recently learned of the order and had not received notice of the order or opinion. On March 18, 2005, Porro filed a motion to reconsider the September 2004 order and to reinstate the action. <u>See</u> NJMC Appendix at 68-71. By order entered April 28, 2005, the District Court denied the motion, finding that even if Porro's motion should

_____

[1] As the parties are familiar with the facts of this case we will recite only those necessary to our discussion of the case.

2

be deemed timely, there was no basis for granting reconsideration. See Informal Brief at 9a-10a. Porro filed a pro se notice of appeal on May 9, 2005.

## II.

As a preliminary matter, to the extent Porro is seeking review of the 2004 dismissal of his complaint, we lack the authority to review the order because the notice of appeal was filed well beyond the 30-day filing period. See Fed. R. App. P. 4(a)(1)(A). Furthermore, the motion for reconsideration was not filed within 10 days of the order of dismissal, and thus did not toll the filing period. See Fed. R. App. P. 4(a)(4)(A).

The Appellees argue that we also lack the authority to review the order denying reconsideration because the motion was not timely filed. We disagree. A motion to alter or amend the judgment must be filed within 10 days of entry of the judgment. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(b) (stating that time period may not be extended); see also D.N.J. Local Civil R. 7.1(i) (2005). However, a motion for relief from judgment need only be filed within a reasonable time, and if based on mistake, newly discovered evidence, or fraud within one year of entry of the judgment. Fed. R. Civ. P. 60(b). Although Porro did not identify the rule under which his motion was filed, we find that the motion may be construed as a Rule 60(b) motion for relief from judgment, and as such was timely filed. See Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir. 2002).[2]

## III.

---

[2] Accordingly, we need not address Porro's assertion that the Appellees waived their untimeliness argument by not objecting to his motion in the District Court.

We review the denial of a Rule 60(b) motion for abuse of discretion. Id. at 209. Porro's motion raised two issues with respect to the inverse condemnation claim. First, Porro argued that the District Court was mistaken in finding that he had not asserted a property interest and that the 1999 appointment of a trustee had extinguished his interest. NJMC Appendix at 69-70. Second, Porro argued that pursuant to Sentential Trust v. Universal Bonding, Ins., 316 F.3d 213 (3d Cir. 2003), his assertion of a beneficial interest is sufficient to demonstrate standing. NJMC Appendix at 70. We need not address either of these arguments because Porro did not identify any basis to question the District Court's alternate finding that the inverse condemnation claim should be dismissed for failure to adequately plead a deprivation. See id. at 60; United States v. Fiorelli, 387 F.3d 282, 288 (3d Cir. 2003) (recognizing that a Rule 60(b) motion may not be used as a substitute for an appeal).

Porro also challenged the dismissal of his due process and equal protection claim, arguing that "the termination of 'vested property rights' and 'prohibiting future participation *** in any development' on the basis of [] federal imprisonment" raises an important constitutional issue that he has the right to present. Id. at 70-71 (quoting amended complaint). We find that the District Court acted well within its discretion in finding that this conclusory argument provided no basis for reconsidering its judgment.

Accordingly, the District Court did not abuse its discretion in denying Porro's motion for reconsideration, and we will therefore affirm.

4