

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Kamara v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kamara v. Atty Gen USA" (2006). *2006 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-25**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2028

OUMAR KAMARA,
                                                  Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES;
KENNETH ELWOOD; INS

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-1972)
District Judge: Honorable Edmund V. Ludwig

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2006

Before: Barry, Ambro and Fisher, Circuit Judges.

(Filed: November 16, 2006)

OPINION

PER CURIAM

     Oumar Kamara appeals the District Court's denial of his Fed. R. Civ. P. 60(b)

motion as untimely.  We will summarily affirm.  See LAR 27.4; I.O.P. 10.6.

I.

Kamara, a citizen of Sierra Leone, entered the United States in 1996 and overstayed his visa. In 1998, he was awarded asylum. In 2000, however, he was convicted in New York on three counts of sexual abuse of a minor. Removal proceedings were begun, and an Immigration Judge (IJ) ultimately concluded that Kamara was an aggravated felon. Subsequently, the Board of Immigration Appeals (BIA) upheld the IJ's refusal to award deferral of removal under the Convention Against Torture (CAT). Shortly thereafter, Kamara filed a habeas petition, pursuant to 28 U.S.C. § 2241, in the District Court. He alleged error in the denial of CAT relief. In a combined memorandum-order entered on April 22, 2004, the District Court denied relief. Kamara waited until March 21, 2005, to file a notice of appeal, and we dismissed his appeal as untimely. Kamara v. Atty. Gen'l, C.A. No. 05-1969 (order entered August 3, 2005).

Four months after we dismissed his appeal, Kamara filed a Fed. R. Civ. P. 60(b)(6) motion in the District Court. The motion alleged that the IJ, the BIA, and the District Court all erred in taking notice that the Attorney General had terminated Temporary Protected Status (TPS) for Sierra Leone. See Rule 60 Motion, 2-6; see also 68 Fed. Reg. 52,407 (Sept. 3, 2003). The District Court denied the motion as untimely. Kamara timely appealed. The Government has filed a motion for summary affirmance. Also before us is a motion from Kamara for a stay of removal.[1]

---

[1] Kamara's stay motion, we note, makes arguments that are wholly unrelated to the substance of this appeal. We also have the benefit of Kamara's prematurely submitted,

## II.

Although Rule 60(b) motions and motions for reconsideration under Fed. R. Civ. P. 59(e) serve a similar function, each has a distinct purpose. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Rule 60(b) lists several grounds for reconsideration, and those grounds include "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e), by contrast, "is a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." Id. (internal quotation marks omitted). In his motion, Kamara argued that the District Court erred in its original decision by upholding the decision of the IJ (and the BIA) to take administrative notice of the Attorney General's termination of TPS for Sierra Leone. See Rule 60 Motion, 2-6. In other words, Kamara alleged legal error by the District Court—the province of Rule 59(e). Fiorelli, 337 F.3d at 288. By its terms, Rule 59(e) requires that a motion "be filed no later than 10 days after entry of judgment." Kamara's motion was, of course, filed well beyond that deadline. Accordingly, the District Court committed no error in failing to entertain the motion.[2]

In his motion, Kamara invoked Fed. R. Civ. P. 60(b)(6), a catch-all provision empowering the District Court to act on the basis of "any other reason justifying relief from the operation of the judgment." Under the Rule, such a motion must be filed

---

as-yet unfiled appellate brief.

[2] We may affirm on any basis that finds support in the record. Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

"within a reasonable time."[3]  As the District Court stressed, Kamara's motion—which rested on no new evidence but which rested, instead, on arguments he had been making all along—came 20 months after the original entry of judgment.  See Order-Memorandum (of March 6, 2006), 1 n.1.  Although Kamara's appeal consumed some of that 20 months, that appeal was patently untimely as filed and dismissed as such.  We do not think the pendency of the untimely appeal makes Kamara's decision to wait 20 months to file his motion any more reasonable.  Accordingly, to the extent, if any, that Kamara's motion could have appropriately been treated as a Rule 60 motion instead of a Rule 59(e) motion, see, e.g., Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (treating an untimely Rule 59(e) as a Rule 60(b) motion when it presented grounds cognizable under Rule 60), it was surely no error for the District Court to deny the motion as untimely.  See Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988) (on the discretion conferred on the District Court in this area).  In addition, it is evident that Kamara submitted his motion as a sort of substitute for his unsuccessful appeal; however, "a

---

[3] The District Court erroneously quoted part of the rule setting a one-year time limit for motions made pursuant to 60(b)(1)-(3).  A potentially more generous "reasonable time" limit governs motions brought pursuant to Rule 60(b)(6).  We need not remand the matter to the District Court for further consideration, however, because (a) Kamara's motion was best viewed as a Rule 59(e) motion, see Fiorelli, 337 F.3d at 288, and (b) the District Court's analysis makes clear, in any event, that it viewed Kamara's motion as unreasonably late.  See Order-Memorandum (of March 6, 2006), 1 n.1.  As we indicate in the text, such a conclusion could not constitute an abuse of discretion.  Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

Rule 60(b) motion may not be used as a substitute for appeal." <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988).

III.

For the foregoing reasons, the District Court committed no error in denying Kamara's motion, whether it was properly viewed as a Rule 59(e) motion, a Rule 60(b) motion, or both. Accordingly, we will GRANT Appellee's motion and summarily affirm the District Court's denial of Kamara's motion. <u>See</u> LAR 27.4; I.O.P. 10.6. The motion for a stay of removal is DENIED.