**Brian K. BARNER, Appellant**

v.

**Troy WILLIAMSON, Warden; Raymond Alexander, Correction Officer; Kevin Bittenbender, Disciplinary Hearing Officer; Stan Yates, (Ex) Warden; Karl Parker, Correction Officer; [FNU] Esparza, A.W.; Dr. Viola Thomas; Lt. [FNU] Sheppard; Richard Garrison, Correction Officer; Angel Espanoza–Levi, Unit Manager; Doug Schader, Counselor; Lt. [FNU] Clarkeson; [FNU] White, Correction**

Officer; [FNU] Bedford, Correction Officer; Lt. [FNU] Lyons; Dennis Hammond, Health Services Administrator; Harrell Watts, Regional Counsel, Nero; Warden D. Scott Dodrill, General Counsel; Mickey Ray, Correction Officer; United States of America, (Tort Claim).

No. 08-1025.

United States Court of Appeals, Third Circuit.

Argued Nov. 9, 2011.

Opinion Filed: Feb. 14, 2012.

Alexander Bilus, Esq. [Argued], Carolyn H. Feeney, Esq., Dechert, Philadelphia, PA, for Appellant.

Nicholas J. Bagley, Esq., Thomas M. Bondy, Esq., Michael E. Robinson, Esq. [Argued], U.S. Department of Justice, Washington, DC, Michael J. Butler, Esq., Office of the United States Attorney, Harrisburg, PA, for Appellees.

Matthew H. Duncan, Esq. [Argued], Fine, Kaplan & Black, Philadelphia, PA, for Court Appointed Amicus Curiae.

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Brian K. Barner, a federal prisoner proceeding pro se, appeals an order denying his motion for reconsideration of two prior orders granting summary judgment for the defendants in his civil rights action. He also seeks to bring up for review on

appeal the underlying summary judgment orders. For the following reasons, we will affirm the District Court's order.

## I. Background and Procedural History

On September 30, 2005, Barner filed a civil rights and Federal Tort Claims Act complaint in the United States District Court for the Middle District of Pennsylvania against various officials of the Allenwood Federal Correctional Institution ("FCI–Allenwood"), where Barner was imprisoned from May 18, 2000 to September 20, 2005. Barner alleged various due process violations stemming from these officials' determinations that he committed various acts that violated prison policies. Barner also alleged that some of these officials physically and verbally threatened him to try to get him to withdraw administrative grievances that he filed.

In orders dated March 27, 2007 and March 28, 2007, the District Court granted summary judgment for all of the defendants. The record does not indicate when Barner received notice of the entry of the orders. On April 13, 2007, Barner delivered to prison officials for filing a motion for reconsideration under Federal Rule of Civil Procedure 59(e).[1] The District Court docketed this filing on April 23, 2007. Under the rules in effect at the time of Barner's filing, he had ten days to file a motion for reconsideration. Fed.R.Civ.P. 59(e) (2007). This would mean that, excluding weekends and legal holidays, *see* Fed.R.Civ.P. 6(a), Barner had until April 10, 2007 as to the March 27, 2007 order, and until April 11, 2007 as to the March 28, 2007 order to file his motion for reconsideration. Barner did not give his motion for reconsideration (as to both orders) to prison authorities for filing until April 13, 2007. The defendants opposed Barner's

motion for reconsideration on the merits, and did not raise the fact that his motion was untimely.

While that motion was pending before the District Court, on May 24, 2007, Barner filed a timely notice of appeal of the District Court's March 27, 2007 and March 28, 2007 orders. On June 18, 2007, Barner filed a motion to hold his appeal in abeyance while his motion for reconsideration was pending in the District Court. We denied his request, and dismissed his appeals on October 3, 2007 for failure to pay the filing fees.

On November 13, 2007, the District Court denied Barner's motion for reconsideration on the merits. It did not address the timeliness of Barner's motion. Barner filed a notice of appeal on December 27, 2007, seeking to appeal the November 13, 2007 order denying his motion for reconsideration, as well as the March 27, 2007 and March 28, 2007 orders granting summary judgment for the defendants.

Barner raises two issues on appeal. The first is whether we erred in dismissing his first notice of appeal. The second question is whether Barner's untimely motion for reconsideration tolled the time to file a notice of appeal of the underlying judgment, considering that the defendants never raised the fact that his motion for reconsideration was untimely and that the District Court denied the motion on the merits.

## II. Discussion

A. *Our Jurisdiction to Review the Underlying Summary Judgment Orders*

1. *The First Notice of Appeal*

■ Barner contends that we erred in dismissing his first notice of appeal for

---

1. Under the prison mailbox rule, Barner's motions were deemed filed on the date that he delivered them to prison officials for for-

warding to the District Court. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

failure to pay the filing fees because we had no power to act on that appeal while his motion for reconsideration was pending in the District Court. As a result, he asks that we reinstate his first appeal. If we did so, that appeal would be timely as measured from the District Court's summary judgment orders, and would bring up the underlying summary judgment orders for review.

The payment of filing fees is a precondition to docketing or opening a case. *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir.2009). When a litigant fails to pay those fees, the clerk of the court "is authorized to dismiss the appeal." Local App. R. 3.3(a); *see also* Fed. R.App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal ... is ground ... for the court of appeals to act as it considers appropriate, including dismissing the appeal."); Local App. R. Misc. 107.1(a) ("The clerk is authorized to dismiss the appeal if the appellant does not pay the docketing fee within 14 days after the case is opened in the court of appeals."). It was therefore well within our power and authority to dismiss Barner's first notice of appeal for failure to pay filing fees.

Even still, Barner argues that his motion for reconsideration pending in the District Court operated to deprive us of power to act on the first notice of appeal. Barner relies on Federal Rule of Appellate Procedure 4(a)(4)(B)(i).[2] That rule provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any mo-

tion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Thus, according to Barner, we had no power to take any action on his appeal because jurisdiction over his case rested with the District Court, as it was still considering his motion for reconsideration.

We cannot accept Barner's argument, as it would tie the hands of the clerk's office in their processing of appeals. Nothing in Appellate Rule 4(a)(4)(B)(i) prohibits the clerk's office from dismissing an appeal if the proper procedures—here, the payment of filing fees—are not followed. Rather, the common-sense reading of the rule is that it applies if the appeal is properly filed. Here, Barner failed to pay the filing fee, and the clerk's office properly dismissed his appeal.[3]

Therefore, we were well within our authority to dismiss Barner's first notice of appeal.

### 2. *The Second Notice of Appeal*

◼ Barner filed a timely second notice of appeal from the District Court's November 13, 2007 order denying his untimely motion for reconsideration. Barner contends that the second notice of appeal also brings up for review the underlying summary judgment orders because neither the District Court nor the defendants pointed out that his motion was untimely, and the District Court denied the motion on the merits. We disagree.

As mentioned above, Appellate Rule 4(a)(4)(A) provides that "if a party *timely*

---

**2.** We will refer to the Federal Rules of Civil Procedure as "Rules," and use the short-hand "Appellate Rule" when referring to the Federal Rules of Appellate Procedure.

**3.** Moreover, Appellate Rule 4(a)(4) discusses what occurs if the litigant *timely* files a post-judgment motion. Here, Barner's motion for reconsideration was untimely, and, as discussed herein, there is no basis for treating it as timely. *See infra* n. 4.

files," among other postjudgment motions, a motion for reconsideration, "the time to file an appeal runs for all parties from the entry of the order disposing" of that motion. Fed. R.App. P. 4(a)(4)(A) (emphasis added). The plain terms of this rule make clear that, in order for one's time to file an appeal to be tolled, the litigant must "timely file[ ]" a post-judgment motion. *See Lizardo*, 619 F.3d at 278.

The provisions of Appellate Rule 4(a)(4)(A) apply, whether or not the opposing party or the district court recognizes that the motion was untimely. In *Lizardo*, we held that "the forfeiture of a timeliness objection in the district court does not render an untimely motion timely for purposes of [Appellate] Rule 4(a)(4)(A) in this Court." 619 F.3d at 276. In that case, Lizardo filed an untimely motion for reconsideration under Rule 59(e), asking the district court to reconsider the denial of his motion to vacate his criminal sentence. The defendant, the government, did not raise the issue of timeliness before the district court. The district court did not raise the issue of timeliness either, and denied the motion on the merits. Lizardo filed a timely notice of appeal as to the order denying his motion of reconsideration; but that notice of appeal was untimely as to the underlying order denying his motion to vacate his sentence. *Id.* at 275. On appeal, Lizardo contended that the

government "waived its right to object to the tolling of the notice of appeal deadline because it did not object to his untimely Rule 59(e) motion in the [d]istrict [c]ourt." *Id.* at 276. As such, he contended that we also had jurisdiction over the underlying order denying his motion to vacate his sentence. We rejected Lizardo's argument, and instead held that a party's failure to raise the issue of timeliness of a post-judgment motion in the district court does not foreclose him from raising the timeliness of that motion on appeal, and asserting that tolling under Appellate Rule 4(a)(4)(A) does not apply. *Id.* at 276.

*Lizardo* is directly controlling here. Although neither the defendants nor the District Court recognized that Barner's motion for reconsideration was untimely, on appeal the defendants point out that Barner's motion in the District Court was, indeed, untimely.[4] As such, we hold that Barner's untimely motion for reconsideration did not toll his time to file an appeal under Appellate Rule 4(a)(4)(A). Therefore, we do not have jurisdiction to consider the underlying summary judgment orders. Rather, our jurisdiction extends only to the District Court's order denying his motion for reconsideration.

## B.  *The Motion for Reconsideration*

We review the denial of a motion for reconsideration for abuse of discretion.

---

4.  In his brief on appeal, Barner suggests, for the first time, that his motion for reconsideration was untimely because prison officials may have delayed delivering the District Court's summary judgment orders to him. In some instances, actual delay or interference by prison officials in the delivery of court orders to prisoners may allow us to deem an otherwise untimely postjudgment motion timely for the purposes of tolling under Appellate Rule 4(a)(4)(A). *See United States v. Fiorelli*, 337 F.3d 282, 289–90 (3d Cir.2003) ("[A] prison's actual delay or interference in the delivery of a final order of the district court is

excluded from the calculation of the timeliness of motions for reconsideration ... filed by pro se inmates."); *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 443, No. 06–4732 (3d Cir. Feb. 10, 2012) (affirming the holding of *Fiorelli* ). However, Barner's case is not such an instance, for he failed to make any explicit allegation of prison delay before the District Court. In fact, Barner's Rule 59(e) motion shows that he filed that motion late because he believed that he was entitled to an additional three days, in accordance with former Rule 6(e). Thus, his suggestion of prison delay on appeal is insufficient to invoke the rule of *Fiorelli* and *Long*.

*Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir.2010). Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* Barner contends that the District Court erred in denying the motion for reconsideration because it should have given him more time to file a response to the defendants' motion for summary judgment. The District Court, however, granted Barner numerous extensions of time to file a response. Therefore, the District Court did not abuse its discretion in denying Barner's motion for reconsideration.

## III. Conclusion

Accordingly, we will affirm.