

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2003

# USA v. Fiorelli

Precedential or Non-Precedential: Precedential

Docket No. 01-2951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Fiorelli" (2003). *2003 Decisions.* Paper 329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 9, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2951

UNITED STATES OF AMERICA

v.

JOSEPH FIORELLI,

*Appellant*

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-cr-00146)
District Judge: Hon. Clarence C. Newcomer

Argued April 1, 2003

BEFORE: MCKEE, SMITH and COWEN, *Circuit Judges*

(Filed: July 9, 2003)

Salvatore C. Adamo, Esq. (Argued)
Two Penn Center Plaza
Suite 200
Philadelphia, PA 19102

Counsel for Appellant

Ronald G. Cole, Esq. (Argued)
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Counsel for Appellee

## OPINION OF THE COURT

COWEN, *Circuit Judge.*

Federal prisoner Joseph Fiorelli filed a pro se motion under 28 U.S.C. § 2255 to set aside his conviction on the grounds of ineffective assistance of counsel. The District Court denied the motion without conducting a hearing on Fiorelli's claim. Fiorelli responded with a motion to reconsider, which the District Court also denied. This appeal followed.

We consider whether Fiorelli filed his notice of appeal within the time limits of Federal Rule of Appellate Procedure 4(a), and hence, whether we have jurisdiction to consider this case. We conclude that in computing the time for an appeal, any delay by the prison officials in transmitting the District Court's order denying Fiorelli's § 2255 motion must be subtracted from the time for filing a motion for reconsideration. Prison delay, if established, would toll the ten-day limitation for filing a motion under Federal Rule of Civil Procedure 59, and make Fiorelli's appeal timely. The present record does not contain the relevant dates of the prison's receipt and delivery of the District Court's order denying Fiorelli's § 2255 motion. We will therefore vacate the District Court's dismissal, and remand for the appropriate factual findings.

## BACKGROUND

On December 6, 1994, Fiorelli was sentenced to 121 months imprisonment following his convictions for racketeering, extortion, embezzlement, and obstruction of justice. Some six years later, on January 26, 2000, Fiorelli filed a motion to set aside his conviction pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel during his trial. Fiorelli's motion alleged that his counsel failed to disclose a plea agreement offered by the government that would have resulted in a 60-month term of imprisonment. Fiorelli allegedly learned of this plea offer during a conversation with Thomas Carroll, an attorney

and "family friend." Carroll did not represent Fiorelli in his criminal trial, and Fiorelli alleged only that Carroll "was aware" of a plea offer.

On April 9, 2001, the District Court denied Fiorelli's § 2255 motion. On about April 30, 2001, Fiorelli, again representing himself, filed a motion for reconsideration purportedly under Federal Rule of Civil Procedure 60(b). The District Court denied the motion for reconsideration in a second opinion entered on May 18, 2001. Fiorelli then filed a notice of appeal on July 17, 2001. We issued a Certificate of Appealability limited to the issue of ineffective assistance of counsel.

## DISCUSSION

Determining whether we have jurisdiction to consider this appeal requires us to address several novel questions. First, whether the Federal Rules of Civil Procedure are applicable to § 2255 motions. Second, when a district court's order is deemed "entered" under the federal rules. Third, whether our decisions regarding the "mailbox rule" in prison suits apply to motions for reconsideration. This analysis is necessitated by the long delay in Fiorelli's notice of appeal. The District Court denied Fiorelli's § 2255 motion on April 9, 2001, and under Federal Rule of Appellate Procedure 4(a)(1)(B),[1] Fiorelli had sixty days to file a notice of appeal. As Fiorelli's appeal was not filed until July 17, 2001, his appeal is untimely unless the sixty-day limitation is tolled.

### 1.

We first consider the applicability of the Federal Rules of Civil Procedure to this § 2255 motion. Section 2255 permits federal prisoners to challenge their sentence in a

---

1. Federal Rule of Appellate Procedure 4(a)(1)(B) states that "[w]hen the United States . . . is a party, the notice of appeal may be filed . . . within 60 days after the judgment or order appealed from is entered." The time for appealing an order entered on a motion under § 2255 is governed by Appellate Rule 4(a). Rule 11 Governing Section 2255 Proceedings for the United States District Courts.

proceeding before the sentencing court, rather than the district court in the jurisdiction where the prisoner is confined. *Kaufman v. United States*, 394 U.S. 217, 222 (1969) ("[T]he legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the district the prisoner was confined." (quoting *Hill v. United States*, 368 U.S. 424, 427 (1962)); *United States v. Nahodil*, 36 F.3d 323, 328-29 (3d Cir. 1994). Historically, a federal prisoner's motion to vacate, set aside, or correct a sentence, under § 2255 was considered an independent civil suit, and not a proceeding in the original criminal prosecution. *Heflin v. United States*, 358 U.S. 415, 418 n.7 (1959); *United States v. Hayman*, 342 U.S. 205, 209 n.4 (1952); *Neely v. United States*, 546 F.2d 1059, 1065 (3d Cir. 1976); *Washington v. United States*, 450 F.2d 945, 946 (3d Cir. 1971). Congress and the Supreme Court altered this tradition in 1976 with the adoption of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules"). Pub. L. 94-426, § 1, 90 Stat. 1334 (1976). The Advisory Committee Notes to the Section 2255 Rules state that contrary to the Supreme Court's earlier decisions, "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action . . . ." Section 2255 Rule 1 advisory committee notes (discussing S. Rep. No. 1526, at 2 (1948).

The Section 2255 Rules do not automatically make all of the Federal Rules of Procedure applicable to § 2255 motions, and the district courts are instructed to apply either the Federal Rules of Civil Procedure or Criminal Procedure if no other procedure is specifically prescribed. Section 2255 Rule 12. Rule 11, however, specifically prescribes that "[t]he time for appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure." Thus, while a § 2255 motion is deemed a further step in the movant's criminal case, it is also considered a civil remedy for purposes of appellate jurisdiction.

Confusion arises from the interplay of Section 2255 Rules 11 and 12, because neither explains whether the Federal

Rules of Civil Procedure related to Appellate Rule 4(a) are also applicable. *See, e.g.*, Fed. R. App. P. 4(a)(4)(A) (measuring the time to file an appeal from the entry of the order disposing of motions under Federal Rules of Civil Procedure 50(b), 52(b), 54, 59 and 60). In this case, we are concerned with the requirement under Civil Rule 58 that judgments be set forth on a separate document and entered in the docket of the district clerk, and the time limitations accompanying motions for reconsideration under Civil Rules 59 and 60.

The majority of the circuit courts considering the "separate document" requirement of Civil Rule 58(a) have concluded that the Rule applies to § 2255 motions. *United States v. Johnson*, 254 F.3d 279, 283-84 (D.C. Cir. 2001) (collecting cases); *and see Jenkins v. United States*, 325 F.2d 942, 944-45 (3d Cir. 1963) (discussing practice prior to promulgation of Civil Rule 58, and holding that "some directive reflecting the final judgment" is always required for filing an appeal); *but see Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993) (holding no judgment is required upon an order denying a § 2255 motion). In addition, both of the circuit decisions to consider the issue have applied Civil Rules 59 and 60 to § 2255 motions. *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000); *United States v. Clark*, 984 F.2d 31, 34 (2d Cir. 1993).

As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases. *Martin*, 226 F.3d at 1047 n. 7; *Clark*, 984 F.2d at 33. Extending the time constraints imposed by Civil Rules 59(e) and 60(b) to motions in § 2255 proceedings creates consistency with petitions for writs of habeas corpus by state prisoners under 28 U.S.C. § 2254. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 270-71 (1978) (applying Civil Rule 59 to habeas proceeding); Section 2255 Rule 11 advisory committee notes ("[B]ecause appellate rule 4(a) is applicable in habeas cases, it likewise governs in § 2255 cases even though they are criminal in nature."). Using the time provisions of both Civil Rules also synthesizes the directive of Section 2255 Rule 11 to calculate the time for an appeal pursuant to Appellant Rule 4(a), with the exception of Appellate Procedure 4(a)(4) providing that motions under

Civil Rules 59 and 60 may toll the period for filing a notice of appeal.

For these same reasons, we also hold that the "separate document" requirement of Civil Rule 58(a) and the entry requirement of 58(b) apply to § 2255 motions. In civil suits, the period for filing a notice of appeal under Appellate Rule 4(a) commences with the entry of a judgment set forth on a separate document as required by Civil Rule 58(a). *Gregson & Assocs. Architects v. Gov't of the Virgin Islands*, 675 F.2d 589, 591-93 (3d Cir. 1982). And as explained in detail below, "entry" means the entry of the judgment in the civil docket maintained by the clerk's office. Thus, the direction in Section 2255 Rule 11 to apply Appellate Rule 4(a) includes these related provisions of Civil Rule 58 that explain how the time limitations for filing a notice of appeal are calculated. *Johnson*, 254 F.3d at 283.

## 2.

Having concluded that the requirements of Civil Rule 58 apply to § 2255 proceedings, we take the opportunity to explain the "somewhat arcane" matter of determining the entry date of district court order under the Rule 58(b). *Houston v. Greiner*, 174 F.3d 287, 288 (2d Cir. 1999). The confusion arises from the numerous dates attached to the District Court's order denying Fiorelli's motion for reconsideration. The District Court dated its order May 16, 2001, and the Clerk's Office stamped the order as received on May 17, 2001. However, the docket sheet prepared by the Clerk's Office notes that the order was entered on May 18, 2001. Determining the date of entry is critical for motion practice under the Federal Rules of Civil Procedure,[2] and for the timely filing of a notice of appeal. Fed. R. App. P. 4(a)(1)(B) (notice of appeal in a civil case where the Unites States is a party must be filed "within 60 days after

---

2. *See, e.g.*, Fed. R. Civ. P. 50(b) (motion for judgment as a matter of law); 52(b) (motion to amend findings); 54(d)(2)(B) (motion for attorneys' fees); 59(b) (motion for a new trial); 59(e) (motion to alter or amend judgment); 60(b) (motion for relief from judgment or order); 62(a) (automatic stay to enforce judgment).

the judgment or order appealed from is entered"); (b)(1) (discussing criminal appeals).

A judgment is deemed entered "when it is entered in the civil docket" maintained by the clerk's office. Fed. R. Civ. P. 58(b). The Civil Rules further state that the entry of a judgment or order in the civil docket "shall show the date the entry is made." Fed. R. Civ. P. 79(a). Rules 58 and 79 make clear that "entry" is the formal act of adding the judgment or order to the clerk's docket, and that the date of entry must be memorialized by a separate notation. Thus, although an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls. *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 769 (7th Cir. 2002); *Houston*, 174 F.3d at 288; *Herrera v. First N. Savs. & Loan Ass'n*, 805 F.2d 896, 898-99 (10th Cir. 1986); *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 746 F.2d 278, 281-82 (5th Cir. 1984); *Jones v. Gann*, 703 F.2d 513, 514 (11th Cir. 1983); *Weedon v. Gaden*, 419 F.2d 303, 305-06 (D.C. Cir. 1969).

Here, the docket sheet prepared by the Clerk's Office contains two notations explicitly showing the District Court's final order denying reconsideration was entered on May 18, 2001. Therefore, if Fiorelli's motion for reconsideration was timely filed, the time for taking an appeal ran from that date.

### 3.

We must therefore next consider whether the time for filing an appeal was tolled by Fiorelli's motion for reconsideration. We begin by determining the character of Fiorelli's motion. Fiorelli captioned his motion "Petitioner's Motion for Relief Under Federal Rule of Civil Procedure 60(b)," and tailored his arguments to the standards of Rule 60(b)(1). However, the function of the motion, and not the caption, dictates which Rule is applicable. *Perez v. Cucci*, 932 F.2d 1058, 1061 n.10 (3d Cir. 1991); *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).

Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar

functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" as alleged by Fiorelli. Fed. R. Civ. P. 60(b)(1). In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith*, 853 F.2d at 158-59 (citation omitted); *see also Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 463 (3d Cir. 1989). Fiorelli's motion argued that the District Court should have conducted an evidentiary hearing on his claim. Fiorelli therefore urges more than an inadvertent mistake by the District Court, and instead argues that the District Court committed an error of law. As a Rule 60(b) motion "may not be used as a substitute for an appeal, and that legal error, without more" does not warrant relief under that provision, we will deem Fiorelli's motion as a request under Rule 59(e). *Smith*, 853 F.2d at 158.

Federal Rule of Appellate Procedure 4(a)(4) provides that motions under Federal Rules of Civil Procedure 50(b), 52(b), 54, 59, or 60 timely filed in the district court toll the period for filing a notice of appeal until the district court enters an order disposing of the motion. In the case of motions under Rule 59, the "timeliness" requirement of Appellate Rule 4(a)(4)(A) means only motions filed within ten days of the disputed order toll the time limit for filing a notice of appeal. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b) (precluding the enlargement of the time for filing a motion under Civil Rule 59(e)).[3] Here, Fiorelli's motion for

---

3. In contrast, Civil Rule 60(b) provides that a motion for relief from a judgment or order "shall be made within a reasonable time," or if based on mistake, newly discovered evidence, or fraud, "not more than one year after the judgement, order, or proceeding was entered or taken." The 1993 amendment to Appellate Rule 4(a)(4)(A)(vi) requires that a motion under Civil Rule 60 must be filed in the district court "no later than 10 days after the judgment is entered" in order to toll the sixty-day time limit for filing a notice of appeal. This provision harmonizes the ten-day filing limitation of Civil Rule 59(e), the open-ended requirements of Civil Rule 60(b), and the restriction in Appellate Rule 4(a)(4)(A) that only "timely" motions toll the appeals deadline.

reconsideration was filed as late as April 30, 2001, twenty-one days after the District Court denied his § 2255 motion. On its face, therefore, the motion exceeds the ten-day limit for reconsideration and did not extend the time for filing a notice of appeal.

4.

Fiorelli's appeal may be properly filed if his motion for reconsideration is deemed timely, thus invoking the tolling provision of Appellate Rule 4(a)(4)(A). Tolling might be appropriate given Fiorelli's averment under penalty of perjury that he received the District Court's order denying his § 2255 motion "on 4/22/01, during the normal mail distribution at the federal prison where he is confined." So construed, Fiorelli alleges that the prison's delay in delivering the District Court's order should be excluded from the computation of the time to file his motion for reconsideration. The allegation of prison delay is crucial, because if we exclude the period of alleged delay in calculating the ten-day limitation of Civil Rule 59(e), Fiorelli's motion for reconsideration would be timely and trigger the tolling provision of Appellate Rule 4(a)(4)(A).

We have not directly addressed whether the time elapsing during the delivery of an appealable order through a prison's mail system is excluded from the time for filing a motion for reconsideration.[4] Our analysis is guided by our decision in *United States v. Grana*, 864 F.2d 312 (3d Cir. 1989) that "in computing the timeliness of filings which are jurisdictional in nature, any delay by prison officials in transmitting notice of a final order or judgment . . . should be excluded from the computation." *Id.* at 313. In *Grana*, a prisoner filed a notice of appeal fifteen days after the expiration of the ten-day limitation specified in Federal Rule of Appellate Procedure 4(b)(1)(A), but alleged that the prison negligently handled his incoming mail, delaying his receipt of the district court's final order until after the expiration of the appeal period.

---

4. Although we considered this issue in *Smith*, we did not decide the question. *United States v. Grana*, 864 F.2d 312 (3d Cir. 1989); *but see Burns v. Morton*, 134 F.3d 109, 114 (3d Cir. 1998).

We viewed incoming mail delays impacting the timeliness of an appeal as analogous to the outgoing delays addressed by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988). In *Houston*, the Supreme Court applied the "mailbox rule" to prisoner filings and held that a pro se inmate's notice of appeal is deemed filed at the moment the notice is delivered to prison authorities for forwarding. Under *Houston*, the prison mail room is essentially "an adjunct of the clerk's office," and a jurisdictionally sensitive document is deemed filed on deposit. *In re Flanagan*, 999 F.2d 753, 759 (3d Cir. 1993). A showing of delay on the part of the prison is thus unnecessary. *Id.*

We noted that the prisoner in *Grana* faced a similar dilemma, given his lack of control over his filing, dependency on the prison authorities for delivery, and the inability to contact the court clerk personally to determine the status of his case. *Grana*, 864 F.2d at 315. For these reasons, we "perceiv[ed] no difference between delay in transmitting the prisoner's papers to the court and transmitting the court's final judgment to him so that he may prepare his appeal." *Id.* at 316. *Grana* thus held that any delay by the prison in transmitting notice of the district court's order is excluded from the computation of the time for filing a notice of appeal. *Id. Grana* makes clear that only delays caused by the prison warrant tolling of the filing deadlines, and "[t]o the extent that the delay represents slow mail, there is nothing that this Court can do to preserve an appellant's right to appellate review." *Id.* (citing Fed. R. Civ. P. 77(d)).[5]

We see no reason why *Grana*'s exclusion of prison delays from the time limits of jurisdictionally sensitive filings should not apply to motions for reconsideration. The timeliness of a motion under either Civil Rule 59 or 60 is critical to appellate jurisdiction. Unreasonable delays within the prison mail system might deprive the district court of the opportunity to reconsider its own determinations, and

---

5. Fed. R. Civ. P. 77(d) provides in relevant part that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ."

eliminate further appellate review. Accordingly, a prison's actual delay or interference in the delivery of a final order of the district court is excluded from the calculation of the timeliness of motions for reconsideration under Federal Rule of Civil Procedure 59 or 60 filed by pro se inmates.

Unlike outgoing delays occurring after a prisoner deposits a court filing with prison authorities, incoming deliveries of an appealable order require some allegation of actual delay or interference. *Houston*'s fiction that the prison mail room serves as a surrogate clerk's office eliminates the need to demonstrate a delay in the outgoing mail. In contrast, slow mail outside the prison might delay the prisoner's receipt of a court order, despite the diligent efforts of the prison officials. Thus, in *Grana* we noted the prisoner alleged that the prison "negligently handled his incoming mail," and that "as a result he did not receive the district court's final order until . . . after the expiration of the appeal period." *Grana*, 864 F.2d at 314. Requiring an allegation of delay by the prison recognizes that a mere lack of notice of the entry by the clerk does not affect the time to appeal. Fed. R. Civ. P. 77(d).

Finally, although a delivery delay is not assumed to be interference, and will require fact-finding by the district court, *Grana* places the burden of establishing the relevant dates on the prison, as "[t]he prison will be the party with best and perhaps only access to the evidence needed to resolve such questions." *Id.* at 316; *see also In re Flanagan*, 999 F.2d at 757 (noting "prison authorities are in a position to easily show when a document was received or mailed under established prison procedures for recording the date and time at which papers are received by prison officials in the prison's mail room").

5.

The District Court evaluated Fiorelli's motion under Civil Rule 60(b), and thus did not consider the timeliness of his filing. While it is possible to construe Fiorelli's statement that he received the District Court's order "during the normal mail distribution" as alleging interference, this claim is also consistent with mere "slow mail." The record

does not contain the relevant dates of the prison's receipt and delivery of the District Court's order denying Fiorelli's § 2255 motion. The date Fiorelli deposited his motion for reconsideration with the prison authorities for mailing is also absent. These facts are essential for a determination of our jurisdiction, and require us to remand the matter for the necessary findings.

We are mindful that Fiorelli faces a difficult challenge on remand. Fiorelli's long delay in filing a notice of appeal places him at the brink of the sixty-day limitation of Appellate Rule 4(a). Nonetheless, on the present record, we are unable to determine the timeliness of Fiorelli's motion for reconsideration, and confirm or deny our jurisdiction. We will therefore remand the case to the District Court for the appropriate fact finding consistent with this opinion.[6]

A True Copy:
　　Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*

---

6. As we do not reach the substance of Fiorelli's constitutional challenge, we express no opinion as to the merits of his claim.