OPINION OF THE COURT
PER CURIAM.
Appellant Robin McIntyre, proceeding pro se, appeals the order of the District Court denying her motion to reopen. For the following reasons, we will vacate the District Court’s order and remand for further proceedings.
In October 2008, McIntyre filed in the District Court a complaint under Title VII alleging employment discrimination. During the screening process required by 28 U.S.C. § 1915 for actions filed in forma pauperis, the District Court determined— based on McIntyre’s statement that she had yet to file an EEOC complaint — that McIntyre had not yet exhausted her administrative remedies, as required to file a Title VII discrimination action. See Anjel-ino v. New York Times Co., 200 F.3d 73, 87-88 (3d Cir.1999). Accordingly, the District Court dismissed the complaint without prejudice and afforded McIntyre 30 days to file an amended complaint. McIntyre did not file an amended complaint— indeed, she could not, because the EEOC had not yet ruled. Two months later, the District Court dismissed the case and ordered it closed.
Several months later, on May 5, 2009, McIntyre received the EEOC determination and right to sue letter. In June, she filed a motion to reopen, to which she attached a copy of the EEOC decision dismissing her complaint. The District Court treated McIntyre’s motion to reopen as a motion for reconsideration under Federal Rule of Civil Procedure 59(e), and denied it on the merits. McIntyre then filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]
Although the District Court construed McIntyre’s “motion to reopen” as a motion under Rule 59, her motion actually appears to be a request for relief from judgment under Civil Rule 60(b). See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir.2003) (noting that Rule 59(e) is a device used to allege legal error, not merely request reconsideration). We therefore review the denial of her motion for abuse of discretion. See Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 342 (3d Cir.2003).
Although the failure to pursue administrative remedies before filing a lawsuit may prevent a plaintiff from proceeding in federal court, see Wilson v. MVM, Inc., 475 F.3d 166, 174-75 (3d Cir.2007), this Court has held that failure to exhaust is an affirmative defense and should not be the basis of a sua sponte dismissal. See Ray v. Kertes, 285 F.3d 287 (3d Cir.2002). McIntyre’s later motion was her attempt, pro se, to reinstate proceedings after properly exhausting her remedies. While the better course would have been for her to file a new action, she should not be prejudiced by her choice to file a motion to reopen instead in artful drafting. If the District Court was not prepared to reopen the case, it should have directed her to file a new complaint in light of her clear right to sue.[2] Now, 90 days *357 has passed,[3] and McIntyre, a pro se litigant, will have lost her right to sue notwithstanding her having taken affirmative steps to come back into court following exhaustion, if she is not afforded relief. We conclude that her motion should have been treated as a Rule 60(b) motion and granted by the District Court, since her exhaustion and right to sue was then clear.
Accordingly, we will summarily VACATE the order of the District Court and REMAND for further proceedings.

. The Clerk listed this appeal for possible dismissal due to a jurisdictional defect because McIntyre’s notice of appeal appeared on the District Court docket as a challenge to the District Court order dismissing her case. However, the District Court docket merely reflected a clerical error: McIntyre's notice of appeal only indicates a challenge to the denial of her "motion to reopen." In that regard, McIntyre’s appeal suffers no jurisdictional problem, and we need not consider whether jurisdiction might be asserted over the dismissal order.

. Alternatively, the district court could have construed the motion as a new complaint and opened a new case.

. McIntyre was required to file a civil action within 90 days of the EEOC decision. See 42 U.S.C. § 2000e-5(f)(l).