**ALD-047**                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3108
_____

MATTHEW TUCKER,
                                        Appellant

v.

COLLINS I'JAMA, Clerk of Court, Superior Court of New Jersey; DANIELLE
BARNAVE; BEVERLY BAILEY; JOHN & JANE DOE, Employees of the Mail Room,
Greystone Park Psychiatric Hospital, State of New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-00277)
District Judge: Honorable William H. Walls
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 24, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit Judges</u>

(Filed: 12/15/2010 )
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

Matthew Tucker, who is involuntarily committed to Greystone Psychiatric

Hospital, appeals from the District Court's order denying his pro se motion to reopen a

civil rights case.  For the reasons that follow, we will summarily affirm.

In January 2004, Tucker filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. He alleged that the actions of a state court clerk and hospital employees prevented the filing of three of his complaints. The District Court granted summary judgment to the defendants on the ground that Tucker could not show intent or actual injury. We summarily affirmed on February 12, 2010. Tucker v. I'Jama, 361 F. App'x 405 (3d Cir. 2009).

On May 14, 2010, Tucker filed a motion to reopen the case. Although Tucker purported to bring the motion under Federal Rule of Civil Procedure 60(b), the District Court treated it as a motion for reconsideration under Local Rule of Civil Procedure 7.1(i) and dismissed it as untimely. Tucker appealed. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. Generally, we review a denial of a motion for reconsideration for abuse of discretion; however, our review is plenary when the denial is based upon an application of law. Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. L.A.R. 27.4; I.O.P. 10.6.

Rule 60(b) allows for litigants to obtain relief from a judgment in six limited circumstances. Tucker's motion to reopen was based on his claim that this Court and the District Court committed legal error. The District Court properly concluded that Tucker's claim did not fit into any of the six Rule 60(b) categories. Although it treated the motion as a motion for reconsideration under Local R. Civ. Pro. 7.1(i), the motion would have been more properly characterized as a motion to alter or amend the judgment

2

under Rule 59(e).[1]  Either way, as the District Court properly concluded, the motion was untimely.  Rule 7.1(i) motions must be filed within fourteen days of entry of final judgment, while Rule 59(e) motions must be filed within twenty-eight days of entry of final judgment. Tucker filed his motion more than eleven months after the District Court granted summary judgment to the defendants.[2]

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the judgment of the District Court.

---

[1]Rule 7.1(i) motions are appropriate "only where dispositive factual matters or controlling decisions of law were presented to the court but not considered."  Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (internal quotations and citations omitted).  Tucker did not advance his argument about a different standard for § 1983 actions brought by civilly committed plaintiffs to the District Court before it awarded summary judgment to the defendants.  Rule 59(e), on the other hand, is the mechanism "used to allege legal error."  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).

[2]Even if Tucker's motion were treated as a timely motion under Rule 60(b)(6), we would summarily affirm, albeit on other grounds.  In his motion, Tucker argued that the rule that § 1983 actions cannot be maintained on the basis of negligence applies only to prisoners.  Thus, because he was civilly committed, Tucker believed that the District Court erred when it awarded summary judgment to the defendants.  He is incorrect. See Gibson v. Superintendent of NJ Dept. of Law & Pub. Safety-Div. of State Police, 411 F.3d 427, 445 (3d Cir. 2005).