**CLD-106**                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4436
_____

MYRON N. CRISDON,
                                    Appellant
v.

NEW JERSEY DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-02911)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2012

Before: RENDELL, HARDIMAN and VAN ANTWERPEN Circuit Judges

(Opinion filed: March 1, 2012)
_____

OPINION
_____

PER CURIAM

Myron N. Crisdon appeals pro se from the District Court's order denying his

motion for summary judgment.  For the reasons that follow, we will affirm the District

Court's judgment.

In June 2010, Myron Crisdon filed a complaint in the District Court, alleging that

the New Jersey Department of Education ("NJDOE") violated the Fourteenth Amendment by failing to issue him a high school diploma. Shortly thereafter, Crisdon filed a motion for summary judgment, and a request to expedite a ruling on that motion. Before NJDOE responded to the complaint or motion and before the District Court entered an order regarding the complaint or motion, on July 8, 2010, Crisdon filed a notice of appeal, in which he requested that "the [C]ourt expedite[ his] motion for summary judgment for the relief demanded in [his] complaint . . . ." We dismissed the appeal for lack of jurisdiction. C.A. No. 10-3147. Crisdon then filed a petition for writ of certiorari with the United States Supreme Court, which was denied in May 2011.

While Crisdon's first appeal was pending, NJDOE filed a motion to dismiss in October 2010, arguing that Crisdon's claim was barred by the Eleventh Amendment, and in the alternative, Crisdon's claim was barred because NJDOE is not a person subject to liability under 42 U.S.C. § 1983. By order entered April 13, 2011, the District Court granted NJDOE's motion to dismiss.[1] Crisdon did not appeal that order. Instead, in August 2011, Crisdon filed a "motion for summary judgment," arguing that his claim was not barred by the Eleventh Amendment and that NJDOE is a person under 42 U.S.C. § 1983. Crisdon also sent a letter to the District Court explaining that he did not file a response to NJDOE's motion to dismiss because NJDOE should have filed the motion to

---

[1] Prior to granting NJDOE's motion to dismiss, the District Court dismissed Crisdon's motion for summary judgment without prejudice, and afforded him the opportunity to respond to NJDOE's motion to dismiss. Crisdon did not file a response to NJDOE's motion.

dismiss with this Court instead of the District Court. Crisdon additionally argued that the District Court erred in granting NJDOE's motion to dismiss while his petition for writ of certiorari was pending with the Supreme Court. The District Court appears to have construed Crisdon's "motion for summary judgment" and letter as a motion for reconsideration under Local Rule 7.1(i), and denied it as untimely.[2] Crisdon timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review an order denying a post-judgment motion for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In his "motion for summary judgment," Crisdon argued that his suit was not barred by the Eleventh Amendment and that NJDOE is a person under 42 U.S.C. § 1983. Crisdon also argued, in his supplemental letter to the District Court, that the District Court erred as a matter of law by granting NJDOE's motion to dismiss while his petition for writ of certiorari was pending with the Supreme Court. Thus, Crisdon's motion and letter essentially alleged legal error and therefore the District Court did not err in construing Crisdon's "motion for

---

[2] NJDOE requested that the motion for summary judgment be dismissed.

3

summary judgment" and letter as a motion for reconsideration.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).

The District Court apparently denied relief under Local Rule 7.1(i).  It did not discuss whether Crisdon's motion could be considered under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  Relief, however, was unavailable under Local Rule 7.1(i), Rule 59(e), and Rule 60(b).  Rule 7.1(i) motions must be filed within 14 days of entry of final judgment, while Rule 59(e) motions must be filed within 28 days of entry of final judgment.  Crisdon's motion was filed approximately four months after the District Court dismissed his complaint, and therefore was untimely under both Rule 7.1(i) and Rule 59(e).

A Rule 60(b) motion "must be made within a reasonable time . . . no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).  Thus, Crisdon's motion was timely under Rule 60(b).  However, a Rule 60(b) motion "may not be used as a substitute for an appeal, and . . . legal error, without more" does not warrant relief under that provision.  Fiorelli, 337 F.3d at 288.  Crisdon simply alleged legal error in his "motion for summary judgment" and letter.  Crisdon could have raised on appeal his arguments challenging the dismissal of his complaint, as well as his arguments regarding jurisdiction.  Consequently, relief was also unavailable under Rule 60(b).  See Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911-12 (3d Cir. 1977).

The District Court did not abuse its discretion in denying Crisdon's "motion for summary judgment."  Accordingly, we will affirm the District Court's judgment.

4