NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3207
_____

UNITED STATES OF AMERICA

v.

JOHN STROUD, a/k/a Johnnie Stroud


John Stroud,
                              Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00392-001)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 29, 2013

Before:  FISHER, JORDAN and SLOVITER, *Circuit Judges*.

(Filed: November 18, 2013)
_____

OPINION
_____

FISHER, *Circuit Judge*.

Defendant John Stroud appeals the judgment of the United States District Court for the Eastern District of Pennsylvania imposing a 24-month sentence for violation of the terms of his supervised release. For the reasons that follow, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On July 12, 2007, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Stroud with: dealing in counterfeit currency, in violation of 18 U.S.C. § 473; possession of counterfeit currency, in violation of 18 U.S.C. § 472; and manufacturing counterfeit currency, in violation of 18 U.S.C. § 471 (collectively, the "2007 charges"). On September 7, 2007, Stroud pled guilty to all counts. On January 30, 2008, the District Court sentenced Stroud to 37 months' imprisonment to be followed by three years of supervised release.

On May 6, 2011, Stroud began serving the three-year period of supervised release on the 2007 charges. On February 9, 2012, while still on supervised release, Stroud was indicted in the Eastern District of Pennsylvania on new charges of manufacturing counterfeit currency, possession of counterfeit currency, and dealing in counterfeit currency (collectively, the "2012 charges"). On February 9, 2012, an arrest warrant was issued based upon the 2012 charges and Stroud was arrested. On February 10, 2012,

Stroud was detained pending a detention hearing. On February 13, 2012, the Probation Office filed a petition for revocation of Stroud's supervised release on the 2007 charges based upon the 2012 charges and his subsequent arrest.

On March 8, 2012, Stroud pled guilty to all of the 2012 charges. During the plea hearing, Stroud told the court that he understood that the guilty plea could result in a violation of his supervised release stemming from the 2007 charges. Stroud also acknowledged that due to his violation of supervised release he would be required to appear at a revocation hearing. On July 10, 2012, Stroud was sentenced to 41 months' imprisonment and three years of supervised release for the 2012 charges.

The record indicates that Stroud and his counsel were provided written notice of the alleged violation of supervised release on two separate occasions. The first notice was dated June 18, 2012, and the second notice, informing Stroud that the hearing had been rescheduled for July 12, 2012, was dated July 2, 2012. The record further shows that both notices indicated that the petition of the probation officer charging Stroud with violating his supervised release was attached to the delivered notices. Both notices were mailed to Stroud at his place of detention, the Federal Detention Center of Philadelphia.

On July 12, 2012 Stroud appeared before the District Court at a revocation hearing for the violation of his supervised release on the 2007 charges. At the hearing, Stroud's July 10, 2012 judgment was presented to the Court to prove his violation of supervised release. Stroud did not contest the alleged violation, and he made no claim at the hearing

3

that he had not received written notice of the violation of his supervised release or the Probation Officer's petition. At the hearing, Stroud availed himself of his right of allocution. The District Court revoked Stroud's supervised release from the 2007 charges and sentenced him to 24 months' imprisonment to run consecutive to his 41-month sentence from the 2012 charges.

By letter dated July 23, 2012 and received by the District Court on July 25, 2012, Stroud alleged for the first time that he had not received written notice of the alleged violation of his supervised release and requested that an appeal be filed from the order revoking his supervised release. On August 3, 2012, a timely notice of appeal was filed.[1]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review objections not preserved before the District Court for plain error. *United States v. Boone*, 279, F.3d 163, 174 n.6 (3d Cir. 2002) (citing *United States v. Saada*, 212 F.3d 210, 224 (3d Cir. 2000)); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (unpreserved errors are reviewable for plain error, pursuant to Fed. R. Crim. P. 52); *United States v. Adams*, 252 F.3d 276, 284 (3d

---

[1] We note that, because the order being appealed was entered on July 23, 2012, Stroud's appeal was timely despite the fifteen-day gap between the date the order was signed, July 19, 2012, and the date the notice of appeal was filed, August 3, 2012. *See United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003) (acknowledging that "although an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls").

Cir. 2001) (acknowledging the "applicability of Rule 52(b) on direct appeal of a criminal conviction when no objection was raised in the district court").

III.

Stroud argues that because he did not receive written notice of his violation of supervised release and the record provides no proof of notice, the judgment and sentence for the violation should be vacated and a new hearing granted.[2]  Stroud contends that the alleged failure to provide written notice of the violation of supervised release is a violation of both due process and the requirements of Fed. R. Crim. P. 32.1.  Stroud's argument is without merit.

When a defendant fails to properly raise an objection and preserve the issue for appeal, it becomes the defendant's burden to establish that plain error occurred.  *United States v. Olano*, 507 U.S. 725, 734-35 (1993).  The plain error standard requires that:

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).  For this Court to find plain error, Stroud must

---

[2] Stroud also mentions in his brief that he did not receive a preliminary hearing on the violation of supervised release.  Fed. R. Crim. P. 32.1(b)(1)(A) provides that such a hearing may be waived. The record shows that Stroud did not request a preliminary hearing. Further, on appeal Stroud does not claim the absence of such a hearing as the basis for reversal. Accordingly, the claim is waived. *See Mitchell v. Cellone*, 389 F.3d 86, 92 (3d Cir. 2004) (noting that issues not addressed in brief are waived on appeal).

5

establish that the alleged failure to provide written notice of his violation of supervised release constitutes plain error and that the error affected a substantial right. Stroud fails to meet this burden.[3]

Federal Rule of Criminal Procedure 32.1(b)(2)(A) provides that a person is entitled to written notice of the alleged violation of supervised release. Stroud contends that because the record provides no actual proof that he received written notice this court must presume that no notice was given. The record clearly indicates, however, that on February 13, 2012, the Probation Office filed on the court docket a petition for revocation of Stroud's supervised release based upon the 2012 charges and his arrest for those charges. The record further shows that on two separate occasions—June 18, 2012 and July 2, 2012—Stroud and his counsel were provided notice of the revocation hearing. Both notices indicated that a copy of the Probation Office's petition was attached. We apply a presumption of regularity to court proceedings. *See United States v. Jones*, 332 F.3d 688, 698 (3d Cir. 2003) (holding that, absent evidence to the contrary, court proceedings are presumed to be procedurally proper). In order to establish that plain error has occurred, Stroud must prove that he never received the notices reflected in the

---

[3] Even if the Court assumed that plain error occurred, Stroud's appeal would still fail. Stroud fails to satisfy the fourth prong requiring that the alleged plain error seriously affected the fairness and integrity of the judicial proceedings. *Vazquez*, 271 F.3d at 99. The Supreme Court has made clear that "the plain-error exception . . . is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15 (1985) (citation omitted). Stroud has failed to show that such injustice occurred in this case.

record, and he has offered no such proof. Accordingly, Stroud's contention that the record fails to show that he was provided notice and thus that plain error occurred is without merit.

Although we are satisfied that notice was provided, even if we were to presume it was not, Stroud fails to show that the alleged plain error affected a substantial right. The notices sent to Stroud, which he claims he did not receive, did not provide any information of which Stroud was not already aware. The record shows that during his guilty plea hearing on the 2012 charges Stroud was told that his plea could result in the violation of his previously imposed supervised release. Stroud was also notified that such a violation would require him to appear at a revocation hearing. Further, during the revocation hearing Stroud was afforded, and availed himself of, the right of allocution. At that time, Stroud asked the District Court for leniency, and also made an effort to explain why he committed the crimes underlying the 2012 charges. Therefore, even if we were to accept that notice was not given, which we do not, Stroud fails to show that a substantial right was affected by the lack of notice.

Stroud fails to establish the existence of plain error and that the alleged error affected a substantial right. Accordingly his request that the judgment and sentence be set aside is without merit.

## IV.

For the reasons set forth above, we will affirm the order of the District Court.