**ALD-253**                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3782
_____

SALAHUDDIN F. SMART,
Appellant

v.

ARAMARK INC; JEFFREY BURRELL, ARAMARK SUPERVISOR;
CAMDEN COUNTY DEPARTMENT OF CORRECTIONS;
DAVID OWENS, WARDEN; CAMDEN COUNTY BOARD OF CHOSEN
FREEHOLDERS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-03007)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015

Before: RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: July 2, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant, Salahuddin F. Smart, appeals from the District Court's August 15, 2014 order. For the following reasons, we will summarily affirm the District Court's order.

I.

In May 2014, while he was incarcerated at the Camden County Correctional Facility (CCCF), Smart commenced this civil rights action in the United States District Court for the District of New Jersey, alleging that his First Amendment rights had been violated when he was forced to shave his beard in order to work in the prison kitchen. Smart claimed that the prison's policy was discriminatory against all Jewish and Muslim prisoners, and that the prison could have provided "beard nets" in order to meet hygienic standards without interfering with prisoners' religious beliefs. Smart named as defendants: David S. Owens, Jr., the warden of the CCCF; Aramark Inc., the prison's food supplier; Jeffrey Burrell, an Aramark supervisor; the Department of Corrections (DOC); and the Camden County Board of Chosen Freeholders. Smart sought one million dollars in damages from each of the defendants except defendant Burrell, from whom he sought $10,000.00.

The District Court granted Smart's application to proceed in forma pauperis (IFP) and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), ultimately concluding that it failed to state a claim on which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the District Court determined that: (1) the DOC and Warden Owens (in his official capacity) were not subject to suit under § 1983, see Will v.

2

Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); (2) Aramark, defendant Burrell, and the Freeholders could not be liable under § 1983 based on a theory of respondeat superior, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); and (3) Smart failed to state a violation of his rights under either the First or Fourteenth Amendments. The District Court further determined that the deficiencies in the complaint were not amenable to cure by re-pleading.[1]  In concluding that Smart had failed to state a claim, the District Court specifically noted that its order dismissing Smart's complaint would qualify as a "strike" for the purpose of the "three strikes rule."  See 28 U.S.C. § 1915(g) (disallowing IFP status to litigants who have filed three actions or appeals dismissed as frivolous or for failure to state a claim).

Approximately nine weeks later, Smart filed a motion challenging the District Court's order.  Smart objected to the District Court's designation of the complaint as a "strike" under the "three strikes rule," and argued that the District Court had erred in determining that he had failed to state a constitutional claim.  Although Smart cited Rule 60(b)(6) in support of his motion, the District Court construed it as an "untimely and meritless motion for reconsideration that merely bears a Rule 60 designation."  (Op. 3, ECF No. 6.)  The District Court further determined that, in any event, Smart had failed to demonstrate that he was entitled to Rule 60(b)(6) relief.  Accordingly, by order entered

---

[1] The District Court recognized that Smart sought class certification on behalf of all Jewish, Muslim, or Christian prisoners who had to shave their beards in order to work in the kitchen, but denied the request as moot.  The District Court did not address whether Smart had exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

August 15, 2014, the District Court denied Smart's motion. Smart timely appealed from the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] Whether Smart's post-judgment motion is construed as arising under Rule 59(e) or 60(b), we review the District Court's order denying it for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003).

First, to the extent that the District Court construed the motion as seeking reconsideration under Rule 59(e), the court acted within its discretion in denying it as untimely.[3] Pursuant to Rule 59(e), a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the District Court's order. Fed. R. Civ. P. 59(e). In this case, the District Court entered its order dismissing the complaint on

---

[2] We lack jurisdiction to review the District Court's underlying order dismissing the complaint. The District Court denied the complaint by order entered May 29, 2014. Smart's notice of appeal, dated August 23, 2014, was untimely with respect to the May 29, 2014 order, see Fed. R. App. P. 4(a)(1)(A), and Smart's July 31, 2014 post-judgment motion did not toll the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(4)(A)(iv) and (vi); Fed. R. Civ. P. 59(e).

[3] Rather than relying on Rule 59(e), the District Court deemed Smart's motion untimely under Local Rule 7.1(i), which allows for only a fourteen-day reconsideration period. See D.N.J. L. Civ. R. 7.1(i). We note, however, that Local Rule 7.1(i) explicitly states that it does not supersede Rule 59(e). See id. (providing for a fourteen-day reconsideration period "unless otherwise provided by statute or rule (such as Fed. R. Civ.

May 29, 2014. Smart then had twenty-eight days, or until June 26, 2014, to seek reconsideration. Smart's motion, dated July 25, 2014, was therefore untimely.

Furthermore, to the extent that Smart invoked Rule 60(b)(6) in support of his motion, the District Court acted within its discretion in determining that he was not entitled to relief under this "catchall" provision. Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (internal quotation and citation omitted). We have made clear that a Rule 60(b) motion "may not be used as a substitute for an appeal, and . . . legal error, without more[,] does not warrant relief." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quotation and citation omitted). Given that Smart alleged nothing more than legal error in his motion, he failed to demonstrate that he was entitled to this extraordinary relief.

Finding no substantial question raised by this appeal, we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 and I.O.P. 10.6.

---

P. 50, 52 and 59)"). Given that Smart's motion was untimely under both Rules, any error by the District Court in this regard was harmless.

5