NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3255

———————

IN RE:  MICHAEL ELIAS STOSIC,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-mc-00190)
District Judge: Honorable Paul S. Diamond

———————

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2019

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed May 8, 2019)

———————

OPINION[*]

———————

AMBRO, Circuit Judge

Michael Stosic appeals the District Court's order denying his request for

"clarification" of a prior order that disbarred him from the District Court.  We affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

### I.    Background[1]

In September 2016 the Commonwealth of Pennsylvania suspended Stosic from

practicing law for a year and a day because he repeatedly failed to represent his clients

with diligence and professionalism.  (Report and Recommendation ("Report") at 1–2.)

One week after the Pennsylvania suspension took effect, the District Court ordered him to

show cause, within 30 days, why it should not impose reciprocal discipline.  (September

22, 2016 Order to Show Cause.)  When Stosic did not answer or respond to that order, the

District Court issued an order to suspend him from practicing in that Court effective

October 21, 2016.  (*Id.*)

Despite the impending suspension, in mid-October Stosic represented a criminal

defendant in a jury trial before Judge Harvey Bartle, III.  (*Id.*)  The trial concluded just

three days before the District Court's suspension took effect.  (*Id.*)  The defendant in that

case, who faced a maximum sentence of 30 years' incarceration on each of six conspiracy

charges, was convicted on all counts.  (*Id.*)

After learning that Stosic represented a criminal defendant in federal court while

under state suspension, Chief District Judge Tucker convened a panel of three District

Judges to determine "whether discipline should be imposed upon [Stosic], and if so to

what degree."  (October 27, 2016 Order.)  The panel conducted a hearing in November

2016.  (Report at 5.)  There, Stosic—who appeared *pro se*—conceded the imposition of

---

[1] We draw the facts from a report and recommendation prepared by a three-judge panel in the District Court that was convened specifically to investigate alleged attorney misconduct by Stosic.

reciprocal discipline in the District Court based on his state suspension, but opposed any additional discipline for the failure to disclose his suspended status. (*Id.* at 4–5.)

Throughout the hearing Stosic was "flippant, smug, and otherwise inappropriate." (*Id.* at 9.) Stosic repeated that he did not have to tell his client of his suspension because—at the time of the criminal trial—he "was [still] a licensed attorney." (*Id.* at 5.) Stosic further offered to "take a lie detector right now that [his client] was aware" and said he would "bow before this court" and swear his client was "1,000 percent aware of everything." (*Id.*) The panel discredited "this belated, highly dubious account." (*Id.*) At the end of the hearing, the panel explained to Stosic that he had a right to object to its forthcoming report and recommendation; he responded, "[y]eah, I mean it's whatever." (*Id.* at 9.)

Based on the November 2016 hearing, the panel determined Stosic had indeed failed to disclose his suspended status per the applicable ethical rules, namely Pennsylvania Rule of Disciplinary Enforcement 217. (*Id.* at 5–6.) But the panel discerned a more serious ethical violation as well: Stosic not only failed to make the notifications required under Rule 217, but he also submitted a false certification of compliance to the Pennsylvania Disciplinary Board. (*Id.* at 7–9.) The panel issued an order that informed Stosic of their determination that he "may not have complied fully with [Rule] 217" and that a violation of that Rule "could constitute separate grounds for the imposition of discipline." (November 21, 2016 Order.) The order invited Stosic to either appear for a second hearing or present additional evidence on whether he complied

3

with Rule 217. (*Id.*) Stosic did not request another hearing, did not submit additional evidence, and did not respond to that order. (Report at 9.)

In a Report and Recommendation issued in January 2017, the three-judge panel recommended Stosic's disbarment from the District Court. (*Id.* at 11.) The panel found disbarment appropriate for three reasons: (1) Stosic failed to inform his client or Judge Bartle of his suspension pursuant to Rule 217; (2) he made false representations to the Pennsylvania Disciplinary Board; and (3) he comported himself in a "grossly inappropriate" manner during the November 2016 hearing. (*Id.*)

The District Court entered an order adopting the Report and Recommendation on March 15, 2017. By that order Stosic was disbarred from the District Court. (March 15, 2017 Order.) Thereafter the Commonwealth disbarred Stosic from the practice of law in Pennsylvania as reciprocal discipline based on his disbarment in the District Court. (Pet'r Br. at 15.)

On September 20, 2018, more than a year and a half after he was disbarred in the District Court, Stosic filed a motion for "clarification" of the three-judge panel's January 2017 Report and Recommendation. (Pet'r Br. at 5.) The motion sought clarification on whether his District Court disbarment was reciprocal to the Pennsylvania suspension or was instead "original" discipline for distinct ethical violations. (Pet'r Br. at 4–5.) District Judge Diamond summarily denied that motion the same day it was filed. (September 20, 2018 Order.)

Stosic asks us to review the District Court's denial of his motion for clarification. (Pet'r Br. at 2.) He also contends he was deprived of procedural due process during his

4

disciplinary proceedings in the District Court because the three-judge panel did not file formal charges, create a separate docket, give notice of a hearing, or give notice of possible non-reciprocal sanctions. (Pet'r Br. at 20.)

## II. Discussion

As his primary argument on appeal, Stosic claims the District Court should have granted his request for "clarification" of whether his order of disbarment was original or reciprocal discipline. (Pet'r Br. at 2.) He does not identify any statute or other authority that would entitle him to "clarification" of that order. Nor does he explain the procedural framework that governs our review of the District Court's denial of his motion for clarification of that order. Construing Stosic's submission to us generously to find a procedural hook for it, *see United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999), we consider his submission first as an appeal from an order denying a motion for reconsideration, *see United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and second as a petition for a writ of mandamus compelling the District Court to clarify its prior order, *see In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000).

To the extent we review Judge Diamond's September 2018 order as a denial of a motion for reconsideration, we perceive no error. In the District Court, a party may move for reconsideration "within 14 days after the entry of the judgment, order or decree concerned." Local R. Civ. P. 7.1(g). It disbarred Stosic in March 2017, yet he did not seek clarification of the order until September 2018, well over a year later. Hence the motion was properly denied as untimely.

To the extent we review Stosic's appeal as a petition for a writ of mandamus, we likewise do not grant relief. Writs of mandamus are used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (quotation omitted). Stosic does not argue the District Court exceeded the scope of its authority; rather, he appears to contend the Court failed to discharge a duty to issue a clarification of its prior order upon his request. We reject that contention. Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order, *see, e.g.*, *Philip Morris USA, Inc.*, 793 F. Supp. 2d at 168, Stosic has not shown the District Court had any duty to do so here.

Moreover, the District Court's order of disbarment is not ambiguous. It clearly states that Stosic's disbarment was premised on (1) his failure to notify his client and Judge Bartle of his state suspension, and (2) the evidence gathered through the panel's hearing on November 10, 2016. At no time does the order reference reciprocal discipline or the ethical violations that underpinned Stosic's state suspension. Further, the well-documented proceedings that led to the disbarment confirm that the District Court's discipline was not reciprocal: during and after the November 10 hearing, the panel explicitly told Stosic that his false certification to the Pennsylvania Disciplinary Board could "constitute separate grounds for the imposition of discipline." Viewed in the context of the full District Court record, there is no doubt that the Court's order of disbarment imposed "original" discipline.

6

Finally, we are not troubled by the procedure employed by the District Court to reach its decision to disbar Stosic. In November 2016, Chief Judge Tucker ordered a three-judge panel to determine whether Stosic should be disciplined for failing to disclose his state suspension. The order made clear the panel would investigate ethical conduct distinct from that underlying Stosic's state suspension. Indeed, although Stosic conceded the imposition of reciprocal discipline, he expressly contested further discipline related to his failure to provide notice. In doing so, Stosic implicitly recognized the possibility that separate sanctions could result from his nondisclosures. The panel's inquiry during the November 10, 2016 hearing further confirmed that it was considering the need for discipline that went beyond the existing state suspension. And, after the hearing, the panel issued an order expressly notifying Stosic that he "may not have complied fully with Pennsylvania Rule of Disciplinary Enforcement 217." (November 21, 2016 Order.) The order informed Stosic that a violation of Rule 217 "could constitute *separate* grounds for the imposition of discipline." (*Id.* (emphasis added).) The panel invited Stosic to appear for another hearing or to present additional evidence on whether he complied with the Rule. But Stosic passed on that invitation; he neither requested the second hearing that was offered nor presented any additional evidence. He thus does not give any specific reason to believe these procedures were inadequate.

In this context, we affirm.