**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3912
_____

BRANDON L. FAKE, father of C. Fake, minor and B. Fake, minor;
C. F., minor; B. F., minor

v.

COMMONWEALTH OF PENNSYLVANIA; PHILADELPHIA COUNTY
COURT OF COMMON PLEAS; DIANE R. THOMPSON, Judge;
ROBERT A. GRACI, Judicial Conduct Board; JUDGE MARGARET T. MURPHY

Brandon L. Fake,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-02242)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2020

Before: AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 9, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Brandon Fake filed a pro se complaint in the United States District Court for the Middle District of Pennsylvania against the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, Judge Diane R. Thompson, Judge Margaret T. Murphy, and Robert A. Graci (the Chief Counsel of the Judicial Conduct Board of Pennsylvania). He claimed that the defendants conspired to deprive him of his constitutional rights during child-custody proceedings in the Philadelphia Court of Common Pleas. The defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion and dismissed the complaint.[1] This Court affirmed. Fake v. Pennsylvania, 758 F. App'x 307, 310 (3d Cir. 2018) (per curiam) (not precedential).

Fake then filed in the District Court a motion for relief from judgment pursuant to Rules 60(b)(1), (2), (3) and (6) and 60(d)(1) and (3) of the Federal Rules of Civil Procedure. In essence, Fake argued that the defendants' attorney, Martha Gale, committed perjury and fraud in the motion-to-dismiss proceedings in order to "cover up" and "conceal the ongoing [f]ederal crimes of the [d]efendants in their operation of the human trafficking enterprise for profit at the expense of the United States Government and its [c]itizens." Mot. at 4-5, ECF No. 20. Fake submitted an affidavit and various

---

[1] The District Court also denied Fake's motions for a preliminary injunction, a temporary restraining order, appointment of counsel, and his motion to strike the defendants' motion to dismiss.

state-court filings in support of the motion. The District Court denied relief. Fake appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of relief under Rules 60(b) and (d) for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).

We will affirm for substantially the same reasons stated by the District Court. As the District Court noted, Fake was not entitled to relief under Rule 60(b) because he could have raised his allegations on appeal. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). In addition, Fake's unsupported allegations of fraud were insufficient to justify an independent action under Rule 60(d)(1), see Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (explaining that the court may relieve a party from a judgment under Rule 60(d)(1) in order to "prevent a grave miscarriage of justice"), or reopening under Rule 60(d)(3), see Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987) (stating that a party seeking relief under Rule 60(d)(3) must establish fraud upon the court "by clear and convincing evidence"). Lastly, given that Fake failed to provide any basis to warrant reopening, the District Court acted within its discretion in denying Fake's request for appointment of counsel.

We have reviewed Fake's brief on appeal and conclude that his objections to the District Court's order are meritless. Accordingly, we will affirm.

3