**ALD-255**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1375
_____

ROBBIE THOMAS,
                                        Appellant

v.

JEFFREY A. BEARD; MARILYN S. BROOKS; NANCY A. GIROUX; RICHARD M.
HALL; STIVEN REILLY; PATTY MCKISSOCK; PETER LONGSTREET, M.D.; MS.
SUSAN SENCHAK; L.T. ROBINSON; C.O. RANDALL; L.T. MCCONNAL; SUPT. R.
M. LAWLER; DEPUTY B. CORBIN; DEPUTY FISHER; L.T. MORRISTEN; JOLE
KELLER; MR. COOK, IRC at Huntingdon; MS. KEITH, Medical Dept Huntingdon; MS.
JACKSON, of Medical Dept Huntingdon; C/O CHAMPPLE; C/O LOOPS; C/O
HINDRICK; C/O EDMOND
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 09-cv-00328)
Magistrate Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 29, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2010)
_____

OPINION
_____

1

PER CURIAM

Robbie Thomas, a state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of Dr. Peter Longstreet, a prison psychiatrist, and dismissing his claims against the remaining defendants in his civil rights action. We will affirm.

The record reflects that Thomas suffers from psychological disorders and that Dr. Longstreet began treating him in November 2005. On April 30, 2007, Dr. Longstreet saw Thomas after Thomas was written up for misconduct. Dr. Longstreet prescribed Thomas an anti-psychotic medication. Thomas was also placed in the restricted housing unit ("RHU") on that date. Three weeks later, while housed in the RHU, Thomas threatened to commit suicide. Thomas stopped taking the anti-psychotic medication and Dr. Longstreet placed him in an observation cell for approximately two days. Thomas later told Dr. Longstreet that he had lost trust in him and that he blamed him for his time in the RHU. Dr. Longstreet continued to treat Thomas until February 2008. At that time, Thomas refused to see Dr. Longstreet and another psychiatrist began treating him.

Thomas filed a complaint pursuant to 42 U.S.C. § 1983 in District Court alleging that Dr. Longstreet prescribed him medications in order to cause him to attempt suicide. Thomas averred that Dr. Longstreet was writing a non-fiction book. Thomas also named numerous Department of Corrections ("DOC") employees as defendants as well as a phlebotomist who is not employed by the DOC. The parties agreed to the adjudication of the complaint by a

2

Magistrate Judge. In granting summary judgment for Dr. Longstreet, the Magistrate Judge found no evidence that would support a finding of an intentional attempt to cause Thomas harm or a deliberate indifference to Thomas' medical needs. The Magistrate Judge also dismissed Thomas' claims against the remaining defendants because Thomas did not aver their personal involvement in the alleged constitutional violation. This appeal followed.

As recognized by the District Court, to establish an Eighth Amendment violation based on improper medical care, a prisoner must show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The District Court correctly found that Thomas' medical records belie his claim that Dr. Longstreet intentionally tried to cause him harm. These records reflect a long course of treatment, the prescription of the anti-psychotic medication when Thomas exhibited paranoid thoughts, and the monitoring of Thomas' condition when he considered suicide. To the extent Thomas believes that Dr. Longstreet knew that prescribing the anti-psychotic medication along with other medication he was taking would cause him to become suicidal, there is no evidence supporting this belief.[1] Absent a showing of deliberate indifference, the District Court did not err in granting summary judgment in favor of Dr. Longstreet.

---

[1] Thomas relies on a document reflecting that the anti-depressant he was taking, Paxil, may interact with numerous other medicines, including those for psychotic disturbances. See Dist. Ct. dkt. entry 72, Ex. A. He also submitted a document stating that the anti-psychotic medicine he was prescribed, Trilafon, should be used cautiously in people who are severely depressed and may be at risk for suicide. See Dist. Ct. dkt. entry 84, Ex. 11. This evidence does not show that Dr. Longstreet intentionally tried to cause Thomas harm or that he was deliberately indifferent to his serious medical needs.

The District Court also properly dismissed any claims against the remaining defendants where Thomas did not allege their personal involvement in any wrongdoing. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Although Thomas contends in his responses to the motions to dismiss that certain DOC defendants aided Dr. Longstreet, absent any showing of deliberate indifference by Dr. Longstreet, these claims also fail. Finally, to the extent Thomas contends that the DOC defendants retaliated against him, Thomas does not state a claim for retaliation against any individual defendant in his complaint. Based on his failure to articulate such a claim in his numerous subsequent filings, allowing amendment of the complaint would be futile.

Accordingly, because this appeal does not raise a substantial question, we will affirm the District Court's order.[2]

---

[2]Thomas' motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). We also deny Thomas' motion to strike Dr. Longstreet's response to his filing in support of his appeal.