BLD-112                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4309
_____

ROBBIE THOMAS,
                                    Appellant

v.

MR. LT. MCCOY of R.H.U.;
MS. CONNIE GREEN;
MR. LAWLER;
MS. JACKSON, of Medical Records;
DEPUTY CORBIN;
MAJOR WAKEFIELD;
MR. MITCHELL, Hearing Judge;
SUPT. JOHN KERETES;
MR. NEVIS, Inmates Account;
CPT. GAVIN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-01639)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012
Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

1

PER CURIAM

Robbie Thomas, a prisoner at the State Correctional Institution ("SCI") Mahanoy, appeals pro se from an order granting defendants' motion to dismiss and from an order denying his motion for relief from judgment. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court. See 3d Cir. LAR 27.4; I.O.P 10.6.

## I. Background

In August 2010, Thomas filed a civil rights action in the District Court, alleging retaliation and the denial of his right to due process while incarcerated at SCI Huntingdon. Thomas claimed that he was improperly placed in the Restrictive Housing Unit ("RHU") for 90 days in July 2008, as no misconduct reports were filed against him at that time. He additionally alleged that he was later issued false misconduct reports in October 2008,[1] which resulted in his being placed in the RHU for almost two years, and he was denied his right to administratively appeal the misconduct reports. Thomas contended that he was retaliated against upon his return to SCI Huntingdon as a result of

---

[1] In his filings, Thomas attached allegedly false misconduct report nos. A951154 and B156813. In A951154, Thomas was charged with sexually harassing Ms. Jackson during a mandatory medical chart review. In B156813, Thomas was charged with assault, threatening an employee with bodily harm, using abusive, obscene, or inappropriate language to an employee, and refusing to obey an order. Thomas' administrative appeals to both misconduct reports were rejected because his appeals failed to comply with DC-ADM 801, as they did not include a brief statement of facts and were illegible.

2

a state court personal injury lawsuit he filed against SCI Huntingdon in 2001, which settled in 2003.[2]

Defendants filed a motion to dismiss for failure to state a claim. The District Court granted the motion to dismiss in part, and denied the motion in part. The District Court noted that Thomas failed to allege how any defendant, other than Jackson, was personally involved in the alleged retaliation. Thus, the District Court afforded Thomas the opportunity to file an amended complaint to cure the deficiencies regarding his claims of retaliation.

Thomas then filed an amended complaint, in which he named additional defendants, and stated that defendants were "personally involved" by either instructing others to perform the retaliations or following orders and performing the retaliations. Defendants filed a motion to dismiss Thomas' amended complaint, which the District Court granted. Thomas then filed a motion for relief from judgment pursuant to Rule 60(b), which was denied. Thomas timely appealed.

## II. Jurisdiction

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal for failure to state a claim under a de novo standard of review. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---

[2] Thomas had been incarcerated in SCI Huntingdon in 2001. He had been transferred to SCI Albion, but returned to SCI Huntingdon in 2008. In 2010, he was transferred to SCI Mahanoy.

claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). A claim possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a motion to dismiss, we consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). We review an order denying a motion for relief from judgment for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

### III. Discussion

#### A. Retaliation Claims

The District Court properly dismissed Thomas' retaliation claims.[3] "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional

---

[3] The District Court did not analyze Thomas' allegations that he was falsely issued misconduct reports as retaliation claims. Allegations of false misconduct reports, without more, do not state a due process claim. Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). However, false misconduct reports may constitute a constitutional violation "when they are instituted for the sole purpose of retaliating against an inmate for his . . . exercise of a constitutional right." Id. Therefore, we have analyzed these allegations as claims of retaliation.

rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation and citation omitted). Thomas fails to satisfy this standard.

Thomas' allegation that he was improperly placed in the RHU without any misconduct charge in July 2008 and later falsely charged with misconducts when he returned to SCI Huntingdon in retaliation for his filing of a previous personal injury state court lawsuit against SCI Huntingdon implicates conduct protected by the First Amendment. See id. Additionally, the time Thomas spent in the RHU as a result of the alleged retaliatory conduct could deter a reasonably firm prisoner from exercising his First Amendment rights. See id. Nevertheless, Thomas fails to allege facts from which one can infer a causal link between his personal injury case or his improper placement in the RHU, and the allegedly false misconduct reports filed against him.

Thomas' state court personal injury case against SCI Huntingdon involved the following medical personnel: Farrohk Mohadjerin, M.D.; Roger Kimber, M.D.; Charles Reiner, M.D.; Luis Araneda, M.D.; Scott Shumaker, M.D.; James Hardesty, M.D.; and Winfried Berger, M.D. None of the defendants in the previous lawsuit is involved in the current civil rights action, nor has Thomas alleged any relationship between the defendants involved in the previous state court lawsuit and the current action. Further, the misconduct reports provided by Thomas himself demonstrate that the misconduct reports were not motivated by retaliatory motives, but rather by security concerns for the SCI Huntingdon staff. Thus, Thomas failed to allege facts in his complaint that raise the inference that his previous state court lawsuit was "a substantial or motivating factor" in

the defendants' decision to issue him false misconduct reports or improperly place him in the RHU without a misconduct report.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[4]

B.      Due Process Claim regarding Administrative Appeals

The District Court properly dismissed Thomas' due process claim, that he was denied his right to administratively appeal the allegedly false misconduct reports.  Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports.  Mensinger, 293 F.3d at 653-54.  In his complaint, Thomas broadly declared that he was denied his "rights to administrative appeals," but the attachments to his complaint belie that allegation.   Thomas' administrative appeals to misconduct reports nos. A951154 and B156813 were rejected because Thomas failed to comply with the Department of Corrections' Inmate Discipline Policy, DC-ADM 801.  His appeals did not include a brief statement of facts and were illegible.  DC-ADM 801 § 5.A.5.  Thomas did not allege facts to support that he was not afforded the opportunity to defend against the misconduct reports.[5]   Accordingly, the District Court did not err in dismissing Thomas' complaint.

C.      Motion for Reconsideration

---

[4] The District Court also properly dismissed Thomas' retaliation claims for lack of personal involvement.  Thomas failed to allege how defendants, other than Jackson, were personally involved in the alleged false misconduct reports and alleged improper placement in the RHU.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

[5] Thomas alleged that he was charged with an additional false misconduct report, no. B16-9548.  He did not attach this misconduct report or subsequent appeal, and did not allege facts that raise the inference that he was not afforded the opportunity to defend against this misconduct report.

6

Thomas argues the District Court erred in denying his motion for relief from judgment under Rule 60(b) because the District Court improperly construed the motion as a request for reconsideration. Contrary to Thomas' belief, a Rule 60(b) motion may be a motion for reconsideration. See United States v. Fiorelli, 337 F.3d 282, 287 (3d Cir. 2003). Thus, the District Court did not err in its construction of Thomas' motion.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be amended if the party seeking reconsideration demonstrates that there is an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. Id. The District Court properly noted that Thomas restated arguments previously made in his amended complaint and response to defendants' motion to dismiss. Thomas failed to present any new evidence and did not point to an improper legal argument or fact overlooked by the Court. Thus, the District Court did not abuse its discretion in denying Thomas' Rule 60(b) motion.

For the foregoing reasons, we will affirm the District Court's judgment.[6] We also deny Thomas' motions for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[6] Thomas discusses and attaches documents from M.D. Pa. No. 11-cv-01089 in support of his appeal. Although there may be similarities in that case, this appeal stems from M.D. Pa. No. 10-cv-01638. Thomas cannot contest the District Court's rulings in M.D. Pa. No. 11-cv-01089 in the current appeal.