**BLD-232**                                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2612

_____

ROBBIE THOMAS,

Appellant

v.

MAJOR VUKSTA; X-C/O SMITH, of "AB" Block;
MR. MURICK, Unit Manager; CHARLIE BRINICH, Psychologist

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-01089)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 27, 2012)

_____

OPINION

_____

PER CURIAM

    Pro se appellant Robbie Thomas appeals the District Court's order dismissing a

complaint he filed pursuant to 42 U.S.C. § 1983.  Because this appeal presents no

substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

## I.

In 2011, Thomas filed a complaint alleging that, since 2007, various prison personnel had been retaliating against him for filing a civil action against the state Department of Corrections. The alleged retaliatory acts, which he claims have caused him psychological stress, include taking his legal mail, withholding stationery with which to file legal papers, restricting access to the telephone and legal research materials, placing him in the Restricted Housing Unit without due process of law, administering unwanted medication, and filing false misconduct reports against him.

Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The District Court granted the motion and gave Thomas leave to amend to cure the deficiencies it noted. Thomas filed an amended complaint, which the District Court dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Thomas now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order dismissing the complaint is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present facts that, if true, show a facially plausible right to relief. Fleisher v. Standard

Ins. Co., 679 F.3d 116 (3d Cir. 2012). We may summarily affirm if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

III.

We agree with the District Court that Thomas's amended complaint failed to state a claim. In granting Thomas leave to amend his original complaint, the District Court thoroughly outlined its flaws, as follows. A defendant in a Section 1983 action must be personally involved in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The complaint must set forth particularized allegations of participation or actual knowledge and acquiescence. Id. In a retaliation case, a plaintiff bears the initial burden of showing that his constitutionally protected conduct was a substantial or motivating factor for the acts complained of. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The District Court correctly concluded that Thomas's original complaint failed to make these showings and therefore did not state a claim. The District Court allowed Thomas to amend his complaint, but his amended complaint is as deficient as the original in failing to allege that any of defendants' actions were linked to Thomas's having exercised his constitutional rights.

In all of Thomas's pleadings, the only allegation that might be characterized as suggesting a causal connection between his previous lawsuit and his current and ongoing treatment is that a doctor once asked him why he would bite the hand that feeds him. We agree with the District Court that this is insufficient to create a facially plausible claim of any true "causal link between the exercise of his constitutional rights and the adverse

3

action taken against him" as required to prevail on a retaliation claim pursuant to Section 1983. Rauser, 241 F.3d at 333. We therefore agree that the amended complaint warranted dismissal.[1]

IV.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.

---

[1] For similar reasons, the District Court did not abuse its discretion in denying Thomas's motions for appointment of counsel. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).