CLD-325                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1607
_____

ROBBIE THOMAS,
Appellant

v.

CHARLIE BRINICH, Psychologist; MR. MAJOR VUKSTA; C/O  SMITH, of Former
"A" Block; MR. MURICK, Unit Manager; RICKY WHITE; MR. WATERS  (Teamster);
LT.  YANKLE, of Security; CAPTAIN GAVIN; DOCTOR AHNER; MR. NEVIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-01539)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 18, 2014)
_____

OPINION
_____

PER CURIAM

Plaintiff Robbie Thomas appeals the District Court's order dismissing the

complaint he filed pursuant to 42 U.S.C. § 1983.  Because this appeal presents no

1

substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

Thomas, an inmate who was formerly housed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), filed this suit in 2012 alleging that the defendants engaged in numerous acts of retaliation in response to a state court civil suit that he filed in 2001 and that was settled in 2003. That lawsuit was lodged against medical staff at SCI-Huntington and was related to personal injuries that he sustained while in custody. None of the defendants from the 2001 lawsuit is accused of acts of retaliation. Rather, Thomas alleged that he suffered verbal harassment, interference with legal mail, the issuance of a false misconduct report, denial of stationery, unjustified placement in restrictive housing, and psychological torture at the hands of others in an ongoing scheme of retaliation that spanned multiple actors and institutions.[1]

Defendants filed two separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim—one on behalf of defendants who were collectively represented by the Pennsylvania Department of Corrections ("the Corrections Defendants"), and one on behalf of a physician, Dr. Ahner, to whom Thomas referred at times as "Dr. Honor." The District Court dismissed the claims against the Corrections

---

[1] Thomas has been pursuing these allegations of retaliation in one form or another for years, expanding the scope of his claims as additional perceived acts of retaliation accrue. See, e.g., Thomas v. Beard, No. 9-000328, 2010 WL 324415 (W.D. Pa. Jan. 14, 2010), aff'd, 389 F. App'x 86 (3d Cir. Aug. 5, 2010); Thomas v. McCoy, No. 10-01639, 2011 WL 4401977 (M.D. Pa. Sept. 22, 2011), aff'd, 467 F. App'x 94, 96-97 (3d Cir. 2012), cert denied, 132 S. Ct. 2752 (U.S. Jun. 11, 2012); Thomas v. Vuksta, No. 11-1089, 2012 WL 1902551 (M.D. Pa. May 25, 2012), aff'd, 481 F. App'x 33, 34 (3d Cir. 2012).

Defendants after a determination that the claims of general verbal harassment did not constitute an actionable adverse action and the remaining allegations failed to present a retaliatory motive—both of which are necessary elements of a § 1983 retaliation claim. Because Thomas' prior actions were dismissed on similar deficiencies after multiple opportunities to amend, the District Court determined that amendment would be futile.

The District Court dismissed claims against Ahner in a separate memorandum and accompanying order on the basis that Thomas failed to exhaust administrative remedies. The District Court found that amendment would also be futile as to the claims against Dr. Ahner, reasoning that Thomas would not be able to overcome his failure to exhaust. Thomas appealed. For the reasons stated below, we will summarily affirm.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order dismissing the complaint is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present facts that, if true, show a facially plausible right to relief. Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). We may summarily affirm if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6. "We may affirm the district court on any ground supported by the record." Tourscher, 184 F.3d at 240.

3

## III.

The District Court's disposition as to Dr. Ahner was premised on exhaustion.  See 42 U.S.C. § 1997e(a).  Thomas, however, was not required to affirmatively plead exhaustion in order to state a claim under § 1983.  See Ray v. Kertes, 285 F.3d 287, 292-97 (3d Cir. 2002).  While the failure to exhaust administrative remedies may form a basis for a dismissal for failure to state a claim, dismissal on that ground is appropriate only in those circumstances where the complaint reveals the exhaustion defense on its face.  See Jones v. Bock, 549 U.S. 199, 215-16  (2007).  In this instance, the complaint did not, on its face, reveal an exhaustion defense that would support a 12(b)(6) dismissal. To the contrary, the complaint stated that Thomas exhausted available administrative remedies and referred to multiple grievances that were denied.[2]

Nonetheless, we will affirm the District Court's judgment as to Dr. Ahner because the complaint failed to state a plausible claim as to him.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A § 1983 plaintiff must set forth specific allegations of participation or actual knowledge and acquiescence in the deprivation of a constitutionally protected right.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Thomas' claims against Dr. Ahner consist of conclusory and somewhat cryptic allegations that Dr. Ahner took Thomas off

---

[2]  In addition, Thomas submitted multiple grievances to this Court in support of his appeal.  Among these were an unnumbered and unsigned grievance form regarding defendant "Doctor Honor" and grievance 389716, which also referred to "Dr. Honor", albeit with a clouded and confused presentation.  Thomas appears to be alleging that Dr. Ahner refused to give or order Thomas' antidepressant medication on or about November 10, 2011.  Thomas also attached grievance 390901, dated November 25, 2011, which does not refer to Dr. Ahner but does contain cryptic general references to retaliations and a psychologist and psychiatrist teaming up to remove him from his medications.  Neither of these documents was before the District Court when the District Court issued its order dismissing the case against Dr. Ahner.

medication, directed others to do the same, and ordered others to create an extreme and stressful prison environment in retaliation for his 2001 lawsuit. The complaint lacks all detail as to the time, place, or manner surrounding the alleged deprivation and it is entirely unclear from the allegations what level of involvement, if any, Dr. Ahner had in Thomas' care.

Moreover, the claims against Dr. Ahner suffer from the same deficiencies as the claims against the Corrections Defendants: the pleadings fail to set forth any plausible causal connection between the 2001 lawsuit and the alleged treatment Thomas received from Dr. Ahner many years later. This action targets activities that, as best can be determined on the face of the complaint, are alleged to have occurred primarily between 2007 and 2011. The temporal distance between those alleged adverse actions and Thomas' 2001 litigation is too vast to permit the Court to infer plausible retaliatory motive, and there are no alternative specific allegations upon which Thomas' claims of retaliation could rest. See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003). Thomas thus failed to satisfy the critical element of retaliatory motive in his claims against any of the defendants. Dismissal pursuant to Rule 12(b)(6) was appropriate. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[3]

IV.

---

[3] The District Court found that amendment of Thomas' complaint would be futile. Given the extensive opportunities that Thomas has had, and has utilized, to express the nature of his claims, the District Court need not have given Thomas leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will affirm the District Court's judgment. Thomas' motion for appointment of counsel is denied. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).