**AMENDED DLD-253**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2777
_____

CITY OF JOHNSTOWN,
calling themselves
Commonwealth of Pennsylvania

v.

DR. CHANDAN S. VORA, Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00026)
District Judge:  Honorable Gustave Diamond
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before: AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2012)

_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals from the District Court's orders dismissing her notice of removal and denying her motions for reconsideration. For the reasons set forth below, we will summarily affirm.

I.

In February 2012, Vora filed a motion to proceed in forma pauperis and a proposed "notice of removal" of criminal charges filed against her by the City of Johnstown, Pennsylvania, for intentionally setting a fire in her home. (Dkt. No. 5, pp. 49-50.) On February 17, 2012, the District Court dismissed the notice of removal for lack of jurisdiction and for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 3, p. 2.) Vora then filed, on March 5, 2012, a motion to consolidate, followed by motions for an emergency injunction, an injunction, and extension of time. The District Court considered these motions collectively as a motion for reconsideration of its dismissal order and denied them on April 9, 2012. On April 19, 2012, Vora filed a motion to vacate, followed by a motion for extension of time. The District Court again construed these motions as requesting reconsideration and denied them on May 7, 2012. Vora filed a notice of appeal on June 6, 2012.

II.

Vora appeals from the District Court's order dismissing her notice of removal and its order denying reconsideration. As discussed below, we only have jurisdiction over the latter.

2

The District Court dismissed Vora's notice of removal on February 17, 2012. She then filed a motion for reconsideration within the requisite twenty-eight day time period, thereby tolling the time for filing an appeal. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). The District Court denied reconsideration on April 9, 2012. Instead of filing a notice of appeal, Vora filed a second motion for reconsideration, which by then was untimely. An untimely motion for reconsideration does not extend the time for filing a notice of appeal. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). We do not have jurisdiction over Vora's untimely appeal of the District Court's dismissal order.

We do, however, have jurisdiction under 28 U.S.C. § 1291 to review Vora's timely appeal of the District Court's May 7, 2012 order denying reconsideration. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012) (we have jurisdiction over "a timely appealed order disposing of an untimely motion for reconsideration"). We review the denial of a Rule 59(e) motion for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration shows one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Id. Vora did not identify any of these factors in her motions, wherein she merely rehashed arguments that were presented in her previous

3

filings.  The District Court did not abuse its discretion in denying her motions for reconsideration.

III.

There being no substantial question presented on appeal, we will summarily affirm the District Court's May 7, 2012 order.  3d Cir. LAR 27.4 and I.O.P. 10.6.