**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1017
_____

ASSEM A. ABULKHAIR,

Appellant

v.

GOOGLE, LLC; LAWRENCE EDWARD PAGE;
SERGEY MIKHAYLOVICH BRIN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:17-cv-07217)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2021

Before: AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed January 13, 2021)

—————

OPINION*
—————

PER CURIAM

Assem Abulkhair appeals pro se from the District Court's order, entered December 4, 2019, denying his motion to "restore" his previously adjudicated civil action. For the reasons that follow, we will affirm that order.

I.

In 2017, Abulkhair filed a pro se complaint in the District Court against Google LLC ("Google") and its two co-founders. The complaint "revolved around allegations that [the defendants] tampered with, blocked access to, and ultimately disabled a free email account that [Abulkhair] had obtained from Google in 2014." Abulkhair v. Google LLC, 738 F. App'x 754, 756 (3d Cir. 2018) (per curiam). "In light of these allegations, Abulkhair sought 'not less than' $100 billion in damages and various other relief." Id. Google subsequently moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In March 2018, the District Court granted that motion and dismissed the complaint, in its entirety, without prejudice to Abulkhair's ability to file an amended complaint within 45 days. But instead of filing an amended complaint, Abulkhair chose to file a notice of appeal challenging the District Court's dismissal order.

—————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

We exercised jurisdiction over that appeal, noting that the District Court's dismissal order constituted a final order under 28 U.S.C. § 1291 because Abulkhair had not filed an amended complaint within the time provided by the District Court. See Abulkhair, 738 F. App'x at 756 n.1 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992)). We then summarily affirmed that dismissal order. See id. at 756-57. In doing so, we found unpersuasive Abulkhair's argument that the presiding District Judge should have recused herself. See id. at 757 n.3. Abulkhair later petitioned for a writ of certiorari, but the Supreme Court denied that petition in March 2019.

In November 2019, Abulkhair returned to the District Court and filed a document titled "Motion to Restore Case." In that two-page motion, he appeared to reiterate allegations and arguments from his complaint and appeal. Additionally, he noted that his complaint had been dismissed without prejudice, and he requested that the case "be restored by a new qualified judge." (Dist. Ct. docket # 24, at 2.) On December 4, 2019, the presiding District Judge entered an order denying Abulkhair's motion. She explained that, to the extent that the motion could be construed as requesting relief under Federal Rule of Civil Procedure 60, that filing was untimely and "fails to raise any of the six enumerated grounds warranting such relief." (Dist. Ct. Order entered Dec. 4, 2019, at 2 (citing Fed. R. Civ. P. 60(b)(1)-(6)).) She further explained that, to the extent that the motion could be construed as requesting some other form of relief, such relief was not warranted either. This timely appeal followed.

II.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's December 4, 2019 order for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002) (reviewing denial of Rule 60(b) motion under this standard); see also Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (reviewing denial of motion to recuse under this standard).

Pursuant to Federal Rule of Civil Procedure 60(b), a district court may relieve a party from a final judgment for the following reasons:

> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (explaining that "a Rule 60(b) motion may not be used as a substitute for an appeal").

We agree with the District Court that none of those reasons is present in this case,[1] and that Abulkhair's "Motion to Restore Case" failed to establish that he was entitled to any other relief.[2] Furthermore, there was no reason for the presiding District Judge to recuse herself from ruling on that motion. See 28 U.S.C. § 455 (setting forth standards for recusal).

In light of the above, we will affirm the District Court's December 4, 2019 order.[3]

---

[1] We need not decide whether Abulkhair's "Motion to Restore Case" constituted an *untimely* Rule 60(b) motion.

[2] As indicated above, although the District Court's March 2018 order dismissed Abulkhair's complaint without prejudice to his ability to file an amended complaint within 45 days, he elected not to take advantage of that opportunity. The mere fact that the March 2018 order used the phrase "without prejudice" did not give Abulkhair the right to reopen his case more than 18 months later.

[3] We hereby grant Appellees' request for leave to file an appendix consisting of a copy of Abulkhair's "Motion to Restore Case" and the District Court's December 4, 2019 order.

5